[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 645.]

THE STATE EX REL. SUBURBAN CONSTRUCTION COMPANY, APPELLANT, *v.* SKOK, JUDGE, APPELLEE.

[Cite as *State ex rel. Suburban Constr. Co. v. Skok*, 1999-Ohio-329.]

*Prohibition—Writ to prevent judge of common pleas court from further proceedings in two appropriation cases—Complaint dismissed, when.*

(No. 98-2704—Submitted May 18, 1999—Decided June 16, 1999.)

APPEAL from the Court of Appeals for Lake County, No. 98-L-116.

_____

{¶ 1} In September 1997, the city of Mentor, Ohio, filed two appropriation petitions in the Lake County Court of Common Pleas, Probate Division. Mentor sought to appropriate parcels located in the city that were owned by appellant, Suburban Construction Co. ("Suburban"). The dockets of the two cases noted that summonses on the petitions were issued in December 1997.

{¶ 2} In February 1998, Mentor moved for default judgment against Suburban, claiming that Suburban had been served with copies of the petitions by ordinary mail. Suburban opposed the city's motions for default judgment by submitting an affidavit of its counsel, Albert C. Nozik. In his affidavit, Nozik stated that the December 1997 summonses were sent to his office address, but that he had closed his office for that entire month, with all mail being forwarded to his Florida address. Nozik claimed that neither he nor his co-counsel received any summons in the two appropriation cases. Appellee, Judge Fred V. Skok, granted the city's motions for default judgment on May 13, 1998 and scheduled the cases for trial on valuation on May 26, 1998. According to Suburban, Judge Skok's magistrate informed it that the judge intended to direct a verdict regarding valuation of the property.

**{¶ 3}** In May 1998, Suburban filed a complaint in the Court of Appeals for Lake County for a writ of prohibition to prevent Judge Skok from further proceeding in the appropriation cases. Suburban claimed that Judge Skok lacked jurisdiction over the appropriation cases because (1) Suburban was not properly served with the appropriation petitions, (2) Judge Skok intended to direct a verdict on the value of the properties to be appropriated by the city, and (3) Judge Skok did not give Suburban adequate notice of the trial date in the appropriation cases. After the court of appeals issued an alternative writ, Judge Skok filed a Civ.R. 12(B)(6) motion to dismiss Suburban's complaint for failure to state a claim upon which relief can be granted. The court of appeals granted Judge Skok's motion and dismissed the complaint.

**{¶ 4}** This cause is now before the court upon an appeal as of right.

_____

*Grendell & Targove, L.L.P.*, and *Timothy J. Grendell*; *Albert C. Nozik*, for appellant.

*Charles E. Coulson*, Lake County Prosecuting Attorney, and *William L. Sheroke*, Assistant Prosecuting Attorney, for appellee.

_____

***Per Curiam.***

**{¶ 5}** Suburban asserts in its propositions of law that the court of appeals erred in dismissing its prohibition complaint. The court of appeals' dismissal of Suburban's complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in Suburban's favor, it appears beyond doubt that Suburban can prove no set of facts warranting relief. *Clark v. Connor* (1998), 82 Ohio St.3d 309, 311, 695 N.E.2d 751, 754.

**{¶ 6}** In order to be entitled to the requested extraordinary relief in prohibition, Suburban must establish that (1) Judge Skok is about to exercise

judicial power, (2) Judge Skok's exercise of judicial power is legally unauthorized, and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268. Here, Suburban sufficiently alleged that Judge Skok is exercising judicial power in the appropriation cases. At issue is whether the judge's exercise of this power is unauthorized and causes injury to Suburban for which it has no other adequate legal remedy.

{¶ 7} Regarding these remaining requirements for a writ of prohibition, in the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting the court's jurisdiction has an adequate legal remedy by appeal. *State ex rel. Red Head Brass, Inc. v. Holmes Cty. Court of Common Pleas* (1997), 80 Ohio St.3d 149, 152, 684 N.E.2d 1234, 1237.

{¶ 8} Suburban initially claims that Judge Skok patently and unambiguously lacks personal jurisdiction to proceed in the appropriation cases because service was never perfected on it in these cases.

{¶ 9} Suburban's claim is not cognizable in prohibition. If contested allegations of defective service of process are not premised upon a complete failure to comply with the minimum-contacts requirement of constitutional due process, prohibition does not lie. See *State ex rel. Gelman v. Lorain Cty. Court of Common Pleas* (1961), 172 Ohio St. 73, 74, 15 O.O.2d 132, 133, 173 N.E.2d 344, 345; *State ex rel. Ruessman v. Flanagan* (1992), 65 Ohio St.3d 464, 467-468, 605 N.E.2d 31, 35.

{¶ 10} In *Gelman*, we denied a writ of prohibition where relator's complaint alleged that service was defective and that the trial court erred in overruling a motion to quash service, and the trial court claimed in its answer that service had been properly perfected.

{¶ 11} We similarly denied a writ of prohibition in *Ruessman*, where the relator contended "that respondents lack personal jurisdiction because [relator] has not been served with a copy of the petition below." 65 Ohio St.3d at 467, 605 N.E.2d at 35. We stated that "a patent and unambiguous lack of jurisdiction is not present in the case before us. Here, respondents assert that relator was duly served a copy of the petition, and relator challenged service by filing a motion to quash, which is pending below. Accordingly, we find it appropriate for the trial court to consider the pending motion and that relator's appropriate remedy is through appeal." *Id.* at 467-468, 605 N.E.2d at 35. By so holding, we distinguished *State ex rel. Connor v. McGough* (1989), 46 Ohio St.3d 188, 546 N.E.2d 407, where we granted a writ of prohibition because the Due Process Clause of the Fourteenth Amendment patently and unambiguously prevented the trial court from assuming personal jurisdiction over a nonresident defendant who had no minimum contacts with this state.

{¶ 12} The foregoing conclusions are consistent with our precedent that issuance of a writ of prohibition based on the alleged lack of personal jurisdiction is, even more than a claimed lack of subject-matter jurisdiction, an "extremely rare occurrence." *Clark v. Connor* (1998), 82 Ohio St.3d 309, 315, 695 N.E.2d 751, 757. In those extremely rare cases where we issued the writ, the lack of personal jurisdiction was "premised on a complete failure to comply with constitutional due process." See *Fraiberg v. Cuyahoga Cty. Court of Common Pleas, Domestic Relations Div.* (1996), 76 Ohio St.3d 374, 378, 667 N.E.2d 1189, 1193, distinguishing *State ex rel. Connor*, *supra*, and *State ex rel. Stone v. Court* (1984), 14 Ohio St.3d 32, 14 OBR 333, 470 N.E.2d 899. Here, unlike *State ex rel. Connor* and *Stone*, Suburban does not assert that it lacks sufficient due-process minimum contacts with Lake County. *Fraiberg*, 76 Ohio St.3d at 378, 667 N.E.2d at 1193. And like *Gelman* and *Ruessman*, there is an issue about whether service on Suburban in the appropriation cases has been perfected. Consequently, Suburban

has adequate legal remedies by motions to quash service, motions to vacate the default judgments, and appeal to raise its personal jurisdiction claim. By so holding, we need not expressly rule on the merits of Suburban's claim. *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 238, 638 N.E.2d 541, 545.

{¶ 13} Suburban also claims that Judge Skok erred by intending to direct a verdict on valuation and not granting Suburban a continuance to prepare for the scheduled trial. But these claims do not patently and unambiguously divest Judge Skok of jurisdiction, and Suburban has an adequate remedy by appeal. "The extraordinary remedy of prohibition may not be employed before trial on the merits, as a substitute for appeal to review mere errors or irregularities of a court having jurisdiction." *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.* (1995), 74 Ohio St.3d 120, 123, 656 N.E.2d 684, 688.

{¶ 14} Finally, the mere fact that Suburban may lose its right to enter and take possession of the property pending appeal, see R.C. 163.15 and 163.19, does not render appeal an inadequate remedy. If Suburban prevails on appeal, it would be entitled to repossess the property. Under R.C. 163.19, the trial court can require that Mentor "give adequate security for any further compensation and costs" pending appeal in order to cover any damages from a temporary loss of possession of the property pending appeal. And, as noted by Judge Skok, R.C. 163.22 permits courts to hear appeals pursuant to R.C. 163.19 in appropriation cases on an expedited basis.

{¶ 15} Based on the foregoing, the court of appeals did not err in granting Judge Skok's motion and dismissing the prohibition action. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————