PETITION FOR WRIT OF PROHIBITION
On April 26, 1999, the relator, Richard Davet, applied for a writ of prohibition and an alternative writ of prohibition against the respondent, Judge Raymond L. Pianka of the Cleveland Municipal Housing Court. In the underlying case, City ofCleveland v. Richard Davet, Cleveland Municipal Court Case No. 97CRB020627, the City of Cleveland charged Mr. Davet with housing code violations under Cleveland Ordinances Sections 3101.10(A),3101.10(C) and 3101.01(E)(2). These sections refer to general maintenance, including removing high weeds, repairing windows and gutters, repointing brick walls, and removing damaged signs. The gravamen of this prohibition complaint is that the charging instrument (a copy of which is attached) is so defective that it fails to vest any jurisdiction in any court, including the Cleveland Municipal Court.
On May 14, 1999, the respondent, through his attorney,[1]
moved for summary judgment. Mr. Davet on May 26 filed his objections to this motion for summary judgment as well as his own motion for summary judgment. He also moved to strike the respondent's motion because the respondent's attorneys were not properly before this court because they had not filed a notice of appearance and because they did not properly represent the judge. Mr. Davet argues on this latter point that the private attorneys submitted pleadings before the contract between them and the City of Cleveland to represent the judge had been finalized; thus, they had no authority to submit the pleadings. On June 4, 1999, the respondent filed a brief in opposition. The court has reviewed all the materials and conducted its own examination of the law, and for the following reasons grants the respondent's motion for summary judgment and denies the applications for a writ and an alternative writ of prohibition.[2]
The record in question, complaint and summons, resembles a traffic ticket. The heading reads "DEPARTMENT OF COMMUNITY DEVELOPMENT/ DIVISION OF BUILDING AND HOUSING." It then has a number "BVH 16258." Below that are "fill in" lines for the defendant's name, address, business and home telephone numbers and social security number, as well as boxes for the defendant's physical description. In Mr. Davet's complaint and summons the areas for physical description and social security number are blank. This top part also contains check off lines for personal service or service by mail; neither are checked in this matter.
The next section is headed: "TO THE DEFENDANT: COMPLAINT." It begins with a line for the inspector's name and then reads as follows: "Having been duly cautioned and sworn disposes (sic) and says that, on or about ______________ 19__ at _____ A.M./P.M. at _____________ City of Cleveland, State of Ohio, you did commit the following violation(s):." This section then has lines to list Cleveland Municipal Code sections; there is a box in which the inspector may check off whether the violations are building, housing or zoning code violations of the City of Cleveland. In Mr. Davet's case three code sections are listed, but the inspector checked nothing in the box. This section then provides: "DESCRIPTION OF OFFENSE(S): FAILURE TO CORRECT VIOLATIONS # _________ AS STATED IN VIOLATION NOTICE DATED _______________ ATTACHED HERETO AND MADE A PART HEREOF." Lines then follow for further information. Mr. Davet's complaint states that a violation notice was sent on May 12, 1997. This section ends with a line for the inspector's signature and number, and underneath this line is the following: "Sworn and Subscribed before me the _____ day of ______, 19__" with a line for a deputy clerk to sign and complete the affidavit. On Mr. Davet's citation this latter part is completed. Inspector David Dawson signed the complaint, as sworn and subscribed on June 30, 1997, and a signature appears on the line for the deputy clerk.
The final section begins as follows: "TO THE DEFENDANT: SUMMONS." The next line reads: "YOUR APPEARANCE IN COURT IS MANDATORY." Following that the summons reads: "You are summoned and ordered to personally appear at the Cleveland Municipal Court, time and place as indicated below:." Then blocked and indented is: "CLEVELAND MUNICIPAL COURT/ JUSTICE CENTER/ 1200 Ontario, Floor 12, Courtroom B/ Cleveland, Ohio." On Mr. Davet's summons Floor 12 is crossed out, and Floor 13 is written on the side. A "fill in" line for the date and time follows, and on Mr. Davet's summons it is filled out for August 11, 1997, with 9:00A.M. crossed out and 1:30 P.M. written on the side. Underneath this is written: "I UNDERSTAND THAT MY FAILURE TO APPEAR AS ORDERED WILL RESULT IN THE ISSUANCE OF A WARRANT FOR MY ARREST." There is then a line for the defendant's signature and date. In the present case these lines are blank. The citation ends with a note "KEEP CLEVELAND CLEAN," and in the bottom right hand corner an administrative note in small print reads, "C OF C 66-190."
Mr. Davet argues that this complaint and summons is fatally defective because it violates R.C. 7.01, 2935.09, 2935.10 and2935.17. R.C. 7.01, Process, provides that "Process shall be under the seal of the court from which it issues, shall be styled `The State of Ohio, ____________ County,' shall be signed by the clerk of such court and shall bear the date of the day it actually is issued." R.C. 2935.09 provides that in all cases, unless otherwise provided by R.C. sections 2935.02 through2935.08, in order to cause the prosecution of a person charged with committing an offense in this state, a peace officer or private citizen having knowledge of the facts, shall file with the judge or clerk of a court of record an affidavit charging the offense committed. R.C. 2935.10 provides for the issuance of summons. R.C. 2935.17 provides sufficient forms of affidavits charging criminal offenses. Again, they should first be styled "State of Ohio, _______________ County, ss:." The affidavit should then read: "Before me, A.B., personally came C.D., who being duly sworn according to law deposes and says that on or about the day of _______________, 19__, one E.F. did [a concise or terse description of the offense follows] C.D./Sworn to and subscribed before me this __________ day of _____________, 19__/A.B., Clerk of ___________ Court."[3]
Mr. Davet argues that the complaint and summons is fatally defective because it is not styled "State of Ohio, ____________ County," because it does not have a date of issuance, because it is not under the seal of any court, because there is no valid affidavit and because the complaint, as compared to the summons, is not directed to any specific court. Indeed the complaint fails to mention any political subdivision in its heading. Mr. Davet continues that these omissions patently and unambiguously divest any court of any jurisdiction. He contends that these omissions place the entire underlying complaint into a void from which it is impossible to determine when the case commenced, which court has the case or what the subject matter of the case is. Thus, no court could acquire any jurisdiction, territorial, personal or subject matter jurisdiction. Indeed, any court purporting to exercise jurisdiction pursuant to such a defective instrument would be unlawfully usurping jurisdiction and violating the defendant's right' to due process and equal protection, if not acting as a rogue court.[4]
The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 239. Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. State ex rel. Lesher v. Kainrad (1981), 65 Ohio St.2d 68,417 N.E.2d 1382, certiorari denied (1981),454 U.S. 845; Cf. State ex rel. Sibarco Corp. v. City of Berea (1966).7 Ohio St.2d 85, 218 N.E.2d 428, certiorari denied (1967),386 U.S. 957. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction.State ex rel. Ellis v. McCabe (1941), 138 Ohio St. 417,35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction. State ex rel. Sparto v. Juvenile Courtof Darke County (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Courtof Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 273; Reiss v.Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel. Tilford v. Crush
(1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 and State ex rel.Csank v. Jaffe (1995), 107 Ohio App.3d 387. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel.Rootstown Local School District Board of Education v. PortageCounty Court of Common Pleas (1997), 78 Ohio St.3d 489,678 N.E.2d 1365 and State ex rel. Bradford v. Trumbull County Court
(1992), 64 Ohio St.3d 502, 597 N.E.2d 116. Moreover, the court has discretion in issuing the writ of prohibition. State ex rel.Gilligan v. Hoddinott (1973), 36 Ohio St.2d 127, 304 N.E.2d 382.
Mr. Davet's arguments are unpersuasive. Other than the statutes themselves, he cites no authority supporting his proposition that any omission or deviation from the statutory forms divests the court of all jurisdiction. The statutes themselves do not say that.[5]
Subject matter jurisdiction defines the power of the court over classes of cases it may or may not hear. If a subject case falls within the class of cases over which the court has subject matter jurisdiction, it is properly before the court. It is a function of constitutional or legislative entitlement; it is not a function of the charging instrument. In criminal matters the inquiry is whether the court is the proper forum to hear this type of case. State v. Swiger (1998), 125 Ohio App.3d 456, appeal dismissed (1998), 82 Ohio St.3d 1411; Avco Financial ServicesLoan, Inc. v. Hale (1987), 36 Ohio App.3d 65, 520 N.E.2d 1378; and State ex rel. Willis Wright v. Judge Burt Griffin (July 1, 1999), Cuyahoga App. No. 76299, unreported.
R.C. 1901.011 establishes the housing division in the Cleveland Municipal Court. R.C. 1901.18(A)(10) and 1901.181(a)(1) provide that the Housing Division of the Cleveland Municipal Court has exclusive jurisdiction within its territory in any criminal action for a violation of any local building, housing, health, fire, zoning or safety ordinance applicable to premises used or intended for the use as a place of human habitation, buildings, structures or any other real property subject to any such code or ordinance. Thus, the respondent was not patently and unambiguously without subject matter jurisdiction of the underlying case, housing code violations within the City of Cleveland. Cf. State ex rel. Ruessman v. Flanagan (1992), 65 Ohio St.3d 464,605 N.E.2d 31, in which the Supreme Court rejected a claim that a lack of a proper affidavit and authentication deprived the respondent court of subject matter jurisdiction.
R.C. 1901.01 establishes the Cleveland Municipal Court, and R.C. 1901.02 provides that courts established by R.C. 1901.01
have jurisdiction within the corporate limits of their respective municipal corporations and are courts of record. Thus, the respondent was not patently and unambiguously without territorial jurisdiction.
Thus, the decisive issue in the instant case is whether prohibition will lie for a lack of personal jurisdiction, caused by deficiencies in service. The courts of Ohio have rejected that proposition. In State ex rel. Bier v. Court of Common Pleas ofButler County (1963), 175 Ohio St. 355, 194 N.E.2d 849, a private citizen, without connection to the prosecutor's office, filed an affidavit charging the relator with a misdemeanor. The relator was arrested and the common pleas court proceeded with the case. The relator filed a writ of prohibition arguing that the affidavit was defective because only the prosecutor could commence misdemeanor cases and, thus, the respondent court was without jurisdiction. The Supreme Court of Ohio affirmed the denial of the writ; it reasoned that the trial court had subject matter jurisdiction and that the relator had an adequate remedy through appeal to contest the issue of personal jurisdiction.
Similarly, in State ex rel. Gelman v. Court of Common Pleas ofLorain County (1961), 172 Ohio St. 73, 173 N.E.2d 344, the relator based her prohibition action on defective service of summons. Again the supreme court rejected the claim noting that the respondent court had beyond doubt subject matter jurisdiction of the underlying divorce case. Beyond that "prohibition may not be employed to correct an alleged error of a trial court in its ruling on jurisdiction over a party defendant, where jurisdiction of the subject matter is readily apparent." 172 Ohio St. at 74.
Most recently, the Supreme Court of Ohio clarified the narrow circumstances under which prohibition might lie for lack of personal jurisdiction. State ex rel. Suburban ConstructionCompany v. Skok (1999), 85 Ohio St.3d 645. In that case the relator argued that the respondent court was patently and unambiguously without jurisdiction because service was never made on them. The court ruled that the relator's "claim is not cognizable in prohibition. If contested allegations of defective service of process are not premised upon a complete failure to comply with the minimum-contacts requirement of constitutional due process, prohibition will not lie. * * * The foregoing conclusions are consistent with our precedent that issuance of a writ of prohibition based on the alleged lack of personal jurisdiction is, even more than a claimed lack of subject-matter jurisdiction, an `extremely rare occurrence.' * * * In those extremely rare cases where we issued the writ, the lack of personal jurisdiction was `premised on a complete failure to comply with constitutional due process.'"85 Ohio St.3d at 646-647. (Citations omitted.) Again the supreme court stressed that the respondent court had jurisdiction to determine jurisdictional questions, if basic subject matter jurisdiction existed and that relator had an adequate remedy by way of appeal.Clark v. Connor (1998), 82 Ohio St.3d 309,695 N.E.2d 751 and Fraiberg v. Cuyahoga County Court of Common Pleas,Domestic Relation Division (1996), 76 Ohio St.3d 374.
In the present case the due process issue of minimum contacts among the defendant, the claim and the forum is not at issue, and Mr. Davet does not raise it. Indeed, the minimum contacts requirement seems to be fulfilled in this case with a Cleveland court ruling on Cleveland housing code charges relating to a building in Cleveland owned by the defendant.
Rather, Mr. Davet's claim argues that the form of the complaint and summons is defective. For these issues he had or has adequate remedies at law through an appropriate motion pursuant to Crim. R. 12(B) and then, if appropriate and necessary, appeal to this court, which will then have the benefit of a complete record. Accordingly, the court declines to grant the writ of prohibition.
In summary, despite Mr. Davet's emphatic arguments and attempted corollaries, subject matter and territorial jurisdiction were not really at issue. The issue of lack of personal jurisdiction caused by possible deficiencies in the form of the charging instrument is decided by the Supreme Court cases, especially Skok. The court's holdings are narrow. The respondent judge is not patently and unambiguously without jurisdiction of the underlying case, and absent a lack of minimum contacts, prohibition does not lie for a claim of lack of personal jurisdiction. Nothing in this opinion should be construed as deciding the propriety of the complaint and summons.
Accordingly, the respondent's motion for summary judgment is granted, the relator's motion for summary judgment is denied, and the applications for an alternative writ and a writ of prohibition are denied. Relator to pay costs.
ANN DYKE, P.J., and
DIANE KARPINSKI, J., CONCUR.
 _______________________ JAMES D. SWEENY, JUDGE
[1] In the present action the law firm of Weston, Hurd, Fallon, Paisely and Howley, L.L.P. represents Judge Pianka, rather than the City of Cleveland's Law Department.
[2] Because of the resolution of the main issue, this court is denying as moot the relator's motion to strike and other related motions by separate entries.
[3] Section A of the statute lists two general forms. Both are very similar, but one also provides for stating the location of the offense. Section B provides the sample affidavit for prosecutors to use.
[4] Mr. Davet also maintains that the inclusion of the line for the defendant's social security number violates federal law. Any court using the form or condoning its use would materially participate in criminal activity. However, this issue is not properly before the court because Mr. Davet's social security number was not used. The courts decide actual controversies between parties, matters which injuriously affect a party; they do not give advisory opinions or settle abstract questions. Statev. Bistricky (1990), 66 Ohio App.3d 395, 584 N.E.2d 75 and OhioContract Carriers Association, Inc. v. Public UtilitiesCommission of Ohio (1942), 140 Ohio St. 160, 42 N.E.2d 758.
[5] Mr. Davet "cites" "State ex rel. v. Garfield Municipal Hts. Mun.Court (1997), Ohio St.3d." However, the court cannot determine from this incomplete citation to what case he is referring. Nor was the case attached as stated in the complaint. Moreover, State ex rel. Jones v. Garfield Heights Municipal Court
(1997), 77 Ohio St.3d 447, is not supportive of Mr. Davet's position, other than reciting the principles of prohibition. In that case the Supreme Court of Ohio upheld this court's suasponte dismissal of a prohibition action which alleged that the municipal court should not have jurisdiction over a misdemeanor charge because a felony was actually committed.
[EDITORS' NOTE: THE FORM IS ELECTRONICALLY NON-TRANSFERRABLE.]