JOURNAL ENTRY AND OPINION
Relator, Charles J. Toma, has filed a complaint for a writ of prohibition. The relator, through his complaint for a writ of prohibition, seeks an order from this court which prevents the respondent, Judge John E. Corrigan, from proceeding in the underlying case of Timothy N. Toma, Ancillary Administrator of the estate of Margaret E. Meszaros, deceased, v. Charles J. Toma, et al., Cuyahoga County Probate Court Case No. 1999 ADV 0017285. The respondent has filed a motion to dismiss which was converted into a motion for summary judgment, as permitted by Civ.R. 12(B), on September 28, 2000. For the following reasons, we grant the respondent's motion for summary judgment.
On March 9, 1999, Timothy N. Toma filed a complaint for declaratory judgment in the Cuyahoga County Probate Court. The complaint alleged that the relator had improperly converted funds in the amount of $175,443.07 which had originally belonged to Margaret E. Meszaros, deceased. The complaint prayed for a declaration of the parties' rights. On May 12, 1999, the relator filed a motion to dismiss the complaint for a declaratory judgment on the basis of a lack of personal jurisdiction pursuant to Civ.R. 12(B)(2). The relator specifically argued that there existed no minimum contacts with Ohio which allowed the exercise of in personal jurisdiction. On May 23, 2000, the respondent denied the relator's motion to dismiss. On July 18, 2000, the relator filed his complaint for a writ of prohibition.
In order for this court to issue a writ of prohibition, the relator must establish that: (1) the respondent is about to exercise judicial power; (2) the exercise of such judicial power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy exists in the ordinary course of the law. State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas (1996),74 Ohio St.3d 536; State ex rel. Largent v. Fisher (1989),43 Ohio St.3d 160. An adequate remedy at law will preclude relief in prohibition. State ex rel. Lesher v. Kainrad (1981), 65 Ohio St.2d 68; State ex rel. Sibarco Corp. V. City of Berea (1966), 7 Ohio St.2d 85. Furthermore, prohibition does not lie unless the relator clearly demonstrates that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe (1941), 138 Ohio St. 417. Finally, prohibition must be used with great caution and should not be issued in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas (1940), 137 Ohio St. 273; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141.
The respondent is authorized by law to exercise jurisdiction over a complaint for declaratory judgment which involves questions relating to the administration of an estate and the validity of inter vivos transfers of property. State ex rel. Pipinski v. Cuyahoga Cty. Court of Common Pleas, Probate Division (1995), 74 Ohio St.3d 19; Bobko v. Sagen (1989),61 Ohio App.3d 397. In addition, the respondent possesses the authority to determine whether he could exercise jurisdiction over the relator and, as a consequence, we conclude that the respondent was not patently and unambiguously without jurisdiction. State ex rel. Suburban Construction Co. v. Skok (1999), 85 Ohio St.3d 645. Finally, we conclude that the relator possesses an adequate remedy at law in the ordinary course of the law through an appeal from the respondent's judgment of the existence of persona jurisdiction over the relator. State ex rel. Rootstown Local School District Board of Education v. Portage County Court of Common Pleas (1997), State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas (1996),76 Ohio St.3d 287, 78 Ohio St.3d 489; State ex rel. Bradford v. Trumbull Cty. Court (1992), 64 Ohio St.3d 502; State ex rel. Wright v. Griffin (July 1, 1999), Cuyahoga App. No. 76299, unreported.
Accordingly, the respondent's motion for summary judgment is granted. Relator to pay costs. Clerk to serve notices to all parties as provided in Civ.R. 58(B).
MICHAEL J. CORRIGAN, J. and JAMES M. PORTER, J., CONCUR.
 _______________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE