ORIGINAL ACTION JOURNAL ENTRY AND OPINION
Relator, Donna L. Martin (wife), has filed a complaint for a writ of prohibition through which she seeks an order from this court which prevents respondent Visiting Domestic Relations Judge Stanley M. Fisher from exercising jurisdiction in the underlying divorce action of Donna L. Martin v. John P. Martin, Cuyahoga County Domestic Relations Case No. D-272109. Wife additionally seeks a writ of mandamus which requires her sister, respondent Deborah Auld (sister), to return the minor child, John P. Martin, Jr. (minor child), to her custody. Also named within the complaint for prohibition and mandamus is respondent John P. Martin (husband).
On February 11, 2000, wife filed a complaint for a divorce from husband in the Cuyahoga County Domestic Relations Court and sought custody of minor child. On November 7, 2000, sister filed a petition for domestic violence against both husband and wife in the Domestic Relations Court in order to obtain an ex parte civil protection order pursuant to R.C.3113.31. In her petition for domestic violence, sister alleged that minor child had previously been the victim of domestic violence and that the actions of mother and father exposed minor child to additional domestic violence and injury. The petition for domestic violence was docketed under Cuyahoga County Domestic Relations Case No. D-272109 and was initially heard by Judge Kathleen O'Malley. An ex parte domestic violence protection order was entered on November 7, 2000, which provided, in part, that parental rights and responsibilities with regard to minor child were allocated to sister. The ex parte domestic violence protection order further provided that wife had the right to visit minor child at any time.
On November 7, 2000, the Administrative Judge for the Domestic Relations Court ordered that Case No. D-272109 be referred to Judge Fisher for full hearing on the issues [of] law and fact arising relative to the petition for domestic violence, pursuant to Loc.R. 2(A)(2) and (B) of the Court of Common Pleas, Domestic Relations Division. See Exhibit A. On December 1, 2000, Judge Fisher conducted a full hearing on the petition. On December 5, 2000, he issued a domestic violence full hearing civil protection order which provided in part that: 1) minor child had been a victim of violence by husband; 2) minor child had not been a victim of violence by wife; 3) the ex parte civil protection order issued against wife on November 7, 2000, is dismissed; 4) husband shall not abuse the family or household member(s) named in the protection order; 5) parental rights and responsibilities with regard to minor child are allocated to sister until further order of the court; and 6) wife is to have visitation with minor child at sister's residence at any time. On December 20, 2000, wife filed a complaint for a writ of prohibition and a writ of mandamus. For the following reasons, we grant the separate motions to dismiss filed by Judge Fisher and by sister.
In order for this court to issue a writ of prohibition, wife must establish that: 1) Judge Fisher is about to exercise judicial power; 2) the exercise of such judicial power is unauthorized by law; and 3) the denial of the writ will cause injury for which no other adequate remedy exists in the ordinary course of the law. State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas (1996), 74 Ohio St.3d 536; State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160. An adequate remedy at law will preclude relief in prohibition. State ex rel. Lesher v. Kainrad (1981), 65 Ohio St.2d 68; State ex rel. Sibarco Corp. v. City of Berea (1966), 7 Ohio St.2d 85. Furthermore, prohibition does not lie unless wife clearly demonstrates that Judge Fisher has no jurisdiction over the cause which he is attempting to adjudicate or that Judge Fisher is about to exceed his jurisdiction. State ex rel. Ellis v. McCabe (1941), 138 Ohio St. 417. Finally, prohibition must be used with great caution and should not be issued in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas (1940), 137 Ohio St. 273; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141.
Judge Fisher is authorized by law to exercise jurisdiction over a petition for a domestic violence civil protection order. See R.C. 3113.31; Felton v. Felton (1997), 79 Ohio St.3d 34. R.C. 3113.31(E) also specifically provides that a judge of the Domestic Relations Court possesses the authority to issue orders that allocate temporary custody over minor children in order to prevent domestic violence.
 (E)(1) After an ex parte or full hearing, the court may grant any protection order, with or without bond, or approve any consent agreement to bring about a cessation of domestic violence against the family or household members. The order or agreement may:
* * *
 (D) Temporarily allocate parental rights and responsibilities for the care of, or establish temporary visitation rights with regard to, minor children, * * *.
In addition, Judge Fisher possesses the authority to determine whether he could exercise jurisdiction over wife.
We conclude that Judge Fisher was not patently and unambiguously without jurisdiction. State ex rel. Suburban Construction Co. v. Skok (1999), 85 Ohio St.3d 645. Further, we find that wife possesses or possessed an adequate remedy at law in the ordinary course of the law through an appeal from the judgment of December 5, 2000, which entered a domestic violence full hearing civil protection order and awarded temporary custody of minor child to her sister. See R.C. 3113.31(G), which provides that a domestic violence full hearing civil protection order is a final appealable order. Cf. State ex rel. Rootstown Local School District Board of Education v. Portage County Court of Common Pleas (1997), 78 Ohio St.3d 489; State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas (1996), 76 Ohio St.3d 287; 78 Ohio St.3d 489; State ex rel. Bradford v. Trumbull Cty. Court (1992), 64 Ohio St.3d 502; State ex rel. Wright v. Griffin (July 1, 1999), Cuyahoga App. No. 76299, unreported. The request for a writ of prohibition, therefore, must fail.
Having found that Judge Fisher possesses the necessary jurisdiction to allocate temporary custody of minor child, we also find that wife's request for a writ of mandamus must fail. In order for this court to issue a writ of mandamus, wife must demonstrate that: 1) she possesses a clear legal right to the requested relief; 2) Judge Fisher possesses a clear legal duty to perform the requested relief; and 3) wife possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41. Pursuant to the domestic violence full hearing protection order of December 5, 2000, sister was granted temporary custody of minor child. The order of December 5, 2000, remains in full force and effect. Wife has, therefore, failed to establish that she possesses a legal right to custody of minor child. In addition, wife possesses or possessed an adequate remedy at law, with regard to the issue of custody of minor child, through an appeal of the domestic violence full hearing protection order. R.C. 2731.01; State ex rel. Brammer v. Hayes (1955), 164 Ohio St. 373.
Finally, wife has failed to state a claim upon which relief can be granted with regard to husband. Although husband is named as a party in the caption of mother's complaint, wife does not specify a claim against husband. Therefore, we sua sponte dismiss husband from this action for prohibition and mandamus. State ex rel. Peeples v. Anderson (1995),73 Ohio St.3d 559.
Accordingly, we grant the motions to dismiss that were filed separately on behalf of Judge Fisher and sister. In addition, we sua sponte grant dismissal on behalf of husband. Clerk to serve notice of this judgment to all parties as provided in Civ.R. 58(B). Costs to relator.
Complaint for prohibition and mandamus dismissed.
 _______________ KARPINSKI, A.J.