OPINION
The above cause is before the court pursuant to a petition for a writ of prohibition and a motion for summary judgment filed by petitioner, Cheryl Haussler, on February 12, 2002 and a motion to deny summary judgment and dismiss the petition filed by counsel for respondent, Judge William Walker, on March 11, 2002. Haussler is the defendant in a personal injury case; Judge Walker is judge of the Clermont County Court of Common Pleas.
In a civil complaint filed in the Clermont County Court of Common Pleas, the plaintiff, Gerald Butterworth, alleged that on December 19, 1998, Haussler negligently, carelessly, and recklessly collided with his automobile, injuring Butterworth and damaging his car. The complaint was filed December 19, 2000, exactly two years after the incident, by David F. Fessler, Esq. Although Fessler is licensed to practice law in Kentucky, he is not an attorney admitted to practice law in Ohio. The complaint also included the name and attorney number, but not the signature, of Timothy Schneider, Esq., an attorney licensed to practice in Ohio and a law partner of Fessler.
Haussler answered this complaint on January 11, 2001. Upon later discovering that Fessler was not an Ohio-licensed attorney, Haussler filed a motion to dismiss pursuant to Civil Rule 12(B) on September 24, 2001, claiming the court lacked jurisdiction. On October 31, 2001, Butterworth filed an amended complaint signed by Schneider. Haussler answered the amended complaint, raising the affirmative defense that the court lacked subject matter jurisdiction over both the original and amended complaints.
Judge Walker held that the lower court did have jurisdiction over both person and subject matter. Judge Walker denied Haussler's motion because the lack of jurisdiction defense was not timely raised. Upon a motion to reconsider, the court reaffirmed its subject matter jurisdiction and re-framed the issue in terms of "exercise of jurisdiction" as opposed to want of jurisdiction.
Haussler argues that the filing of a complaint by a non-attorney renders the complaint a legal nullity. Therefore, he maintains that the invalid complaint did not properly invoke the jurisdiction of the lower court. Haussler now asks this court to issue a writ of prohibition to prevent the lower court from proceeding in this matter. The writ of prohibition would presumably restrain the lower court from usurping or exceeding jurisdiction that it does not possess.
In order for a writ of prohibition to lie, a party must establish that: (1) the lower court is about to exercise judicial authority, (2) the exercise of authority is not authorized by law, and (3) the party will have no other adequate remedy in the ordinary course of law if the writ of prohibition is denied. State ex rel. Tubbs Jones v. Suster,84 Ohio St.3d 70, 74, 1998-Ohio-275.
The writ of prohibition has been described as an "extraordinary remedy which is customarily granted with caution and restraint, * * * issued only in cases of necessity arising from the inadequacies of other remedies." State ex rel. Henry v. Britt (1981), 67 Ohio St.2d 71, 73. The purpose of the writ is to restrain lower courts from exceeding their jurisdiction.
In examining whether a lower court has exercised authority not authorized by law, prohibition "tests and determines `solely and only' the subject matter jurisdiction" of the lower court. Tubbs Jones,84 Ohio St.3d at 73, quoting State ex rel. Eaton Corp. v. Lancaster (1988),40 Ohio St.3d 404, 409. The error must "patently and unambiguously deprive the trial court of jurisdiction to hear [the] case." Id. at 74. Courts have issued writs of prohibition in cases involving lack of personal jurisdiction, but these cases are extremely rare occurrences, "even more [rare] than a claimed lack of subject matter jurisdiction."State ex rel. Suburban Constr. Co. v. Skok, 85 Ohio St.3d 645, 647,1999-Ohio-329.
In the case at bar, Haussler argues the lower court lacked jurisdiction because Butterworth's complaint was improperly filed. The Ohio Supreme Court has narrowly defined the lack of jurisdiction for the purposes of prohibition to mean a lack of subject matter jurisdiction. A court of common pleas possesses subject matter jurisdiction of a personal injury action arising from an automobile accident that occurred in its county. The lower court had the authority to hear this particular type of claim, thus precluding the issuance of such an extraordinary remedy. There is not a patent and unambiguous error with respect to the lower court's subject matter jurisdiction.
Turning to the issue of whether Haussler possesses an adequate remedy at law if the writ is denied, we will frame Haussler's argument actually assuming an error in the "exercise of jurisdiction." A court having general subject matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy at law by way of appeal. Page v. Riley, 85 Ohio St.3d 621, 623, 1999-Ohio-290. Prohibition will not issue as a substitute for appeal to review mere errors in judgment. Berthelot v. Dezso, 86 Ohio St.3d 257, 259,1999-Ohio-100. Additionally, prohibition will not lie to prevent an anticipated erroneous judgment. Tubbs Jones, 84 Ohio St.3d at 74.
The confusion arises from determining whether there was a lack of subject matter jurisdiction or if there was an error in the "exercise of jurisdiction." The former renders a judgment void while the latter makes a judgment voidable. A voidable judgment must be attacked by a properly filed appeal. Subject matter jurisdiction focuses on the court as the proper forum to hear cases, such as municipal court, common pleas, or juvenile court. State v. Swiger (1998), 125 Ohio App.3d 456, 462. The exercise of jurisdiction, however, "encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction." Id.
Haussler contends that the lower court does not have jurisdiction because the complaint was not properly filed. Haussler questions whether the court has authority to hear this specific case (an exercise of jurisdiction issue) and not whether the proper forum for a personal injury claim arising from an automobile accident in its own county is the court of common pleas (a subject matter jurisdiction issue). When there is an alleged error in the exercise of jurisdiction, the appropriate remedy is an appeal, not a writ of prohibition.
Haussler maintains extended appellate litigation will cause her irreparable harm and will strain judicial time and resources. However, if she has a meritorious appeal, prohibition is not available to prevent a possible erroneous judgment. Tubbs Jones, 84 Ohio St.3d at 74. Also, time-consuming and expensive litigation "does not render appeal inadequate so as to justify extraordinary relief." Fraiberg v. CuyahogaCty. Court of Common Pleas, Domestic Relations Div., 76 Ohio St.3d 374,379, 1996-Ohio-384.
In Tubbs Jones, the Ohio Supreme Court expressed its concern about unjustifiably elevating affirmative defenses to the level of subject matter jurisdiction. To equate this type of procedural error with a jurisdictional defect would start the court down a slippery slope by creating an uncertain standard. At what point does a procedural error become so "patent and unambiguous" as to require prohibition? More importantly, the distinction between subject matter jurisdiction and other affirmative defenses would become blurred. An objection to subject matter jurisdiction may be raised at any time. Other affirmative defenses, however, must be timely raised and pleaded or waived. To characterize a procedural error as a jurisdictional defect would allow a party to disrupt litigation. Such use would allow unfair surprise and promote delay.
Based upon the foregoing, we find that Haussler has no right to an order from this court prohibiting the court of common pleas from proceeding. The court of common pleas has not exceeded its subject matter jurisdiction. In the case before us, where the error in jurisdiction is not patent and unambiguous, Haussler has a remedy by way of the appellate process for an alleged error in the exercise of jurisdiction. Haussler's motion for summary judgment and petition for a writ of prohibition are denied. Judge Walker's motion to dismiss the writ is granted.
YOUNG and VALEN, JJ., concur.