**RENAISSANCE SPECIALITIES, INC. et al.**

v.

**MOLLOY et al.**

Court of Common Pleas of Ohio,
Clermont County.

No. 98CV000834.

Decided Jan. 28, 1999.

*Robert R. Furnier* and *Todd J. Glagel,* for plaintiffs.

*Joseph Condit,* for defendants.

Robert P. Ringland, Judge.

This matter came before the court regarding defendants' motion to dismiss for lack of personal and subject-matter jurisdiction, or, in the alternative, for *forum*

*non conveniens.* Oral argument was presented and the matter was taken under advisement.

Defendants contacted plaintiffs by telephone about purchasing the assets of defendants' business, Molloy Postcard & Souvenir Services, Inc., now known as OUI Corporation ("OUI"), in September 1997. Plaintiffs Robert and Nancy Brockman are residents of Clermont County, Ohio and were initially contacted by telephone at their Clermont County residence. Plaintiff Renaissance Specialities, Inc. is an Ohio corporation with its principal place of business in Clermont County, Ohio. Defendants Edmund and Ruth Molloy are residents of Kenton County, Kentucky. Defendant OUI is a Kentucky corporation. Soon after this phone call, defendants sent a letter to plaintiffs at their Clermont County residence.

In October 1997, defendants sent financial information relating to the business by facsimile to plaintiffs. On November 9, 1997, plaintiffs and defendants met in Ohio to discuss further the sale of the business. At this meeting, plaintiffs made a formal offer to purchase the business, and defendants accepted a $1,000 security deposit from plaintiffs. Approximately ten days later, defendants mailed plaintiffs a counteroffer. Thereafter, negotiations continued by the parties by telephone, defendants speaking from Kentucky and plaintiffs speaking from Clermont County, Ohio.

In December 1997, defendants or defendants' attorney, by mail, sent plaintiffs a draft asset purchase agreement. Between December 1997 and February 1998, defendants continued to negotiate the terms of the asset purchase agreement with plaintiffs by mail, telephone, or facsimile. Plaintiffs agreed to purchase and defendants agreed to sell the assets of defendants' business by a contract executed on February 20, 1998. The closing occurred on March 16, 1998, in Kenton County, Kentucky. The assets of the business were also located in Kenton County, Kentucky. The contract called for the laws of Kentucky to be used in interpreting the agreement.

█ Once a defendant challenges the court's jurisdiction, the plaintiff has the burden of proof to establish that the court has jurisdiction. However, the court must view the evidence in a light most favorable to the plaintiff and resolve all reasonable competing inferences in favor of the plaintiff. *Pharmed Corp. v. Biologics, Inc.,* (1994), 97 Ohio App.3d 477, 480, 646 N.E.2d 1167, 1169. The plaintiff must merely make a prima facie case for jurisdiction to overcome a motion to dismiss. *Sherry v. Geissler U. Pehr GmbH* (1995), 100 Ohio App.3d 67, 72, 651 N.E.2d 1383, 1386.

█ "When determining whether a state court has personal jurisdiction over a nonresident defendant, courts are obligated to determine (1) whether the state's

**4**

'long-arm' statute and applicable rule of civil procedure confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law under the Fourteenth Amendment to the United States Constitution." *Clark v. Connor* (1998), 82 Ohio St.3d 309, 312, 695 N.E.2d 751, 754–755. R.C. 2307.382 sets out the requirements for long-arm jurisdiction of Ohio courts. Plaintiffs argue that defendants meet the criteria set out by that statute for two reasons: first, defendants transacted business in this state, and second, defendants caused tortious injury by an act or omission in this state. R.C. 2307.382(A)(1) and (3).

■ However, even if Ohio's long-arm statute's requirements are met, a court can only assert jurisdiction over a defendant if doing so would not violate the defendant's due process rights. The United States Supreme Court has held that a state can assert personal jurisdiction if certain minimum contacts with the state are made by the defendant such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102.

■ The phrase "transacting any business" (R.C. 2307.382[A][2] ) has been interpreted very broadly by Ohio courts. *Schneider v. Gunnerman* (Aug. 24, 1998), Fayette App. Nos. CA97–07–017, CA97–12–034, unreported, 1998 WL 526541. Defendants argue that there was no significant business transacted in Ohio. They note that the closing occurred in Kenton County, Kentucky, for assets located in Kenton County, Kentucky, of a business incorporated in Kentucky. However, plaintiffs argue that they were contacted by defendants at their residence in Clermont County, Ohio, with the proposal that plaintiffs buy the business. Plaintiffs also submit an affidavit stating that the first meeting about the proposed purchase occurred in Ohio, and that extensive negotiations occurred between the parties by mail, telephone, and facsimile, which negotiations were conducted by plaintiffs from Clermont County, Ohio.

The Ohio Supreme Court has held that when a defendant negotiated a contract by telephone with a plaintiff located in Ohio and mailed the contract to Ohio, the facts were sufficient to establish that Ohio courts had personal jurisdiction over the defendant. *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 559 N.E.2d 477. See, also, *Hammill Mfg. Co. v. Quality Rubber Prod., Inc.* (1992), 82 Ohio App.3d 369, 612 N.E.2d 472 (holding that negotiations by telephone between parties in different states enough to confer personal jurisdiction); *Cincinnati Art Galleries v. Fatzie* (1990), 70 Ohio App.3d 696, 591 N.E.2d 1336 (holding negotiating over the telephone with an Ohio resident and mailing a contract to Ohio to be accepted were sufficient to grant Ohio courts jurisdiction). In our case, the contacts between defendants and the state of Ohio are sufficient to grant jurisdiction to Ohio courts.

Defendants further argue that Ohio lacks subject-matter jurisdiction over the instant case because all the acts complained of occurred in Kentucky. Based on the previous discussion, defendants' rationale is incorrect. Defendants engaged in negotiations with plaintiffs during which time plaintiffs were located in Ohio. This is enough to grant Ohio subject-matter jurisdiction over plaintiffs' claims of unjust enrichment and fraud.

Defendants ask that, in the alternative, this court grant their motion to dismiss for *forum non conveniens.* As noted by plaintiffs, the Ohio Supreme Court has recognized that since " ' "modern transportation and communications have made it much less burdensome for a party sued to defend [a lawsuit] in a State where he engages in economic activity," it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such activity.' " *Kentucky Oaks Mall v. Mitchell's Formal Wear, Inc.,* 53 Ohio St.3d at 78, 559 N.E.2d at 482, quoting *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 541, quoting *McGee v. Internatl. Life Ins. Co.* (1957), 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, 226.

Defendants have failed to show that litigating in this court would pose a hardship for them. The location of the defendants and of this court is within the Greater Cincinnati area. Defendants have already retained counsel licensed to practice in Ohio. This court is capable of interpreting Kentucky law. There has been no showing that defendants wish to call witnesses beyond the subpoena power of this court.

For the foregoing reasons, defendants' motion must be denied.

*Motion denied.*