ACCELERATED JOURNAL ENTRY AND OPINION
Appellant, Martyn and Associates Co., L.P.A., is appealing the trial court's grant of appellee's, Frank Minardo, Inc.'s, motion to dismiss. For the following reasons, we affirm.
Appellant's complaint stated as follows: Appellant is engaged in the nationwide practice of law. Appellee was an Arizona corporation engaged in the interstate buying and selling of fruits and vegetables. Appellee contacted appellant to prosecute claims under Federal agricultural acts. The parties entered into a contract for legal services. Appellant signed the contract in Ohio. Although the litigation took place in Arizona, most of appellant's work was done in Ohio. Appellee substituted another attorney for the litigation. Appellee did not pay appellant for the legal work performed.
Appellee filed a motion to dismiss for lack of personal jurisdiction and forum non conveniens. Attached to this motion was an affidavit of Frank Minardo, president of appellee, Frank Minardo, Inc. Mr. Minardo averred that appellee was only authorized to do business in Arizona. Appellee only purchases and sells produce within the state of Arizona, and never transacted business in Ohio. Appellee only has two employees, one of whom is part-time. Appellee is unable to run its business if its employees are engaged in litigation in Ohio. Mr. Minardo signed the contingency fee contract to hire appellant when he was in Arizona. Appellant agreed to collect the contingency fee in Arizona from an Arizona resident corporation.
Appellant's sole assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR FORUM NON CONVENIENS OF AN OUT-OF-STATE DEFENDANT WHO SOUGHT OUT INITIATED CONTACT, ENTERED INTO A CONTRACT AND BECAME LEGALLY OBLIGATED TO A RESIDENT PLAINTIFF.
The state courts of Ohio have personal jurisdiction over a nonresident defendant only if: (1) the state's "long-arm" statute and applicable rule of civil procedure confer personal jurisdiction, and (2) granting jurisdiction does not deprive the defendant of the right to due process of law. U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc. (1994), 68 Ohio St.3d 181, 183-184; Clark v. Connor (1998),82 Ohio St.3d 309.
Ohio's long-arm statute states:
 A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
 (1) Transacting any business in this state . . . S2307.382(A). Whether a defendant has transacted any business in Ohio is determined on the particular facts of the case. U.S. Sprint, supra. Relevant factors may include which party solicited the contract, where the contract was executed and where the contract was performed. See Columbus Show Case Co. v. CEE Contracting, Inc. (1992), 75 Ohio App.3d 559.
Where the nonresident solicited a contract with an Ohio resident, the negotiations were conducted by phone calls and letters, and the contract was not primarily conducted in one particular state, the nonresident transacted business in Ohio.
Cole v. Mileti, (C.A.6 1993) 133 F.3d 433. A non-resident transacts business in Ohio when it leases real property located outside of Ohio owned by an Ohio corporation; the negotiations are conducted by telephone calls; and lease payments and reports are to be sent to Ohio. Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc. (1990), 53 Ohio St.3d 73. Transacting business occurs because there is a continuing relationship, not just a single transaction. Id. Similarly, an out-of-state resident who orders machinery from an Ohio Corporation, mails three payments for the machine and has an ongoing obligation for the life of the contract, has transacted business in Ohio. Hammill Mfg. Co. v. Quality Rubber Products, Inc. (1992), 82 Ohio App.3d 369.
An out-of-state defendant does not transact business in Ohio merely by making a purchase from an Ohio corporation, when the work is primarily to be performed elsewhere. See McKinley Machinery, Inc. v. Acme Corrugated Box Co., Inc. (July 12, 2000), Lorain App. No. 98CA007160, unreported; see also Greenwood v. Addison Community Hospital Authority (C.P. 1990),62 Ohio Misc.2d 138. If the purpose of the contract is to supply services for litigation performed elsewhere, business was not transacted in Ohio. See Records Deposition Service, Inc. v. Henderson Goldberg (1995),100 Ohio App.3d 495.
In this case, appellee was the one who first contacted appellant. The contract negotiations were conducted over the telephone or through the mail. Some of the work took place in Arizona and some took place in Ohio. However, it could be said that the primary work took place in Arizona, the place of litigation. See Friedman v. Speiser, Krause 
Madole, P.C. (1988), 56 Ohio App.3d 11.
To pass muster under the due process clause, personal jurisdiction over a nonresident may only be had if the nonresident purposefully established minimum contacts with the state. International Shoe Co. v. State of Washington (1945), 326 U.S. 310; 66 S.Ct. 154; 90 L.Ed. 95. The nonresident must have fair notice that he might be subject to suit in that state. World-Wide Volkswagen Corp. v. Woodson (1980), 444 U.S. 286,297; 100 S.Ct. 559; 62 L.Ed.2d 490. The nonresident defendant has purposefully established minimum contacts where the defendant has created `continuing obligations' between himself and residents of the forum. Kentucky Oaks Mall Company, supra; Burger King Corp. v. Rudzewicz(1985),471 U.S. 462; 105 S.Ct. 2174; 85 L.Ed.2d 528.
Frequent mail and telephone communications between New York lawyers and Ohio lawyers regarding an out-of-state case were not "purposefully directed" to Ohio in a way that would lead the New York lawyers to realize they could be hailed into court in Ohio. Friedman, supra. It could be said that appellee's communications with the Ohio law firm were not purposely directed in such a way as to lead appellee to believe it could be subject to litigation in Ohio. See also Records Deposition Service, supra.
Even if the trial court had personal jurisdiction over appellee pursuant to the long arm statute and the Due Process Clause, the trial court could dismiss based on the common-law doctrine of forum non conveniens. The trial court has discretion to dismiss a case for forum non conveniens to achieve the ends of justice and for the convenience of the parties and witnesses. Chambers v. Merrell-Dow Pharmaceuticals, Inc. (1988), 35 Ohio St.3d 123. The court must consider the private interests of the litigants and factors of public interest involving the courts and citizens of the forum. Id.
Important private interests include: ease of access to sources of proof; the cost and other difficulties of obtaining attendance of witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Id. citing Gulf Oil Corp. v. Gilbert (1947), 330 U.S. 501, 507; 67 S.Ct. 839; 91 L.Ed. 1055. Public interest factors include delay to other litigants caused by congested court calendars, the imposition of jury duty upon the citizens of a community which has very little relation to the litigation, a local interest in having localized controversies decided at home, and the appropriateness of litigating a case in a forum familiar with the applicable law. Id.
In this case, hailing a small corporation into court in Ohio creates a great inconvenience for the defendant. Appellant is a law firm practicing nationwide, that agreed to prosecute litigation in Arizona. All of appellee's witnesses (appellee's representatives, experts on the standards of diligent lawyers in Arizona and present local counsel) are located in Arizona. The citizens of Arizona have more of an interest in the legal fees owed for suits filed in their State.
We can not find that the trial court abused its discretion in dismissing the case for forum non conveniens.
Accordingly, appellant's assignment of error is overruled.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
 ________________________________ ANN DYKE, ADMINISTRATIVE JUDGE
ROCCO, J., AND KILBANE, J., CONCUR.