[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 309.]

CLARK, APPELLANT, *v.* CONNOR, JUDGE, APPELLEE.

[Cite as *Clark v. Connor*, 1998-Ohio-385.]

*Prohibition to prevent common pleas court judge from proceeding in suit involving a nonresident defendant—Complaint dismissed, when.*

(No. 97-1240—Submitted May 12, 1998—Decided July 8, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD04-582.

————————————

{¶ 1} In 1996, Liqui-Box Corporation ("Liqui-Box") filed a complaint in the Franklin County Common Pleas Court against appellant, Richard D. Clark. *Liqui-Box Corp. v. Clark*, Franklin C.P. No. 96CVH-12-9817. Liqui-Box, an Ohio corporation with its principal place of business in Franklin County, Ohio, manufactures polycarbonate resin bottles for sale to others. Liqui-Box employs a manufacturing process commonly referred to as "blow molding" to make polycarbonate resin bottles at its plants throughout the United States.

{¶ 2} Liqui-Box alleged in its complaint that Clark was employed by Liqui-Box or its predecessor in interest, Corco, Inc., for approximately twenty years, until Clark's retirement from Liqui-Box in February 1995. During his employment with Liqui-Box, Clark held various positions, including engineer and senior plant manager, and was involved in Liqui-Box's blow molding operations and research and development. As an employee of Liqui-Box and Corco, Clark signed confidentiality agreements in 1973, 1979, and 1982, in which he agreed not to disclose information to third persons during and after his employment relating to Liqui-Box and Corco's confidential marketing and sales plans, customer lists, internal financial and cost data, inventions, secret processes, product formulas, product development, methods, and machinery. During his employment with Liqui-Box and Corco, Clark was an Ohio resident.

**{¶ 3}** In February 1995, Clark retired from Liqui-Box and moved to Indiana. He sold his Ohio residence in March 1996. According to Liqui-Box, Clark is now employed as an engineer for WTR Systems International, an Illinois company. Like Liqui-Box, WTR Systems International and two affiliated entities are engaged in the business of designing and manufacturing blow molding and water bottling systems using polycarbonate resin. Liqui-Box alleged that Clark was disclosing, misappropriating, and converting Liqui-Box's trade secrets, in violation of the 1973, 1979, and 1982 employment agreements and Ohio's Uniform Trade Secrets Act. Liqui-Box requested an injunction to prohibit Clark from disclosing, misappropriating, and using Liqui-Box's trade secrets, as well as damages and attorney fees.

**{¶ 4}** Clark filed a motion to dismiss Liqui-Box's complaint on the basis that the Franklin County Court of Common Pleas lacked personal jurisdiction over him. Attached to his motion was an affidavit in which Clark stated that he had not had any contacts with or done any business in Ohio since moving to Indiana in February 1995. In March 1997, appellee, Franklin County Common Pleas Court Judge John A. Connor II, overruled Clark's motion to dismiss. Judge Connor determined that the court had personal jurisdiction over Clark under R.C. 2307.382(A)(1) and (A)(6), and that exercising personal jurisdiction over Clark did not offend constitutional due process.

**{¶ 5}** Shortly thereafter, Clark filed a complaint in the Court of Appeals for Franklin County for a writ of prohibition to prevent Judge Connor from proceeding any further in Liqui-Box's case, and to vacate Judge Connor's March 1997 order overruling Clark's motion to dismiss Liqui-Box's complaint. The court of appeals granted Judge Connor's Civ.R. 12(B)(6) motion to dismiss Clark's prohibition complaint because it failed to state a claim upon which relief can granted. The court of appeals determined that Clark's prohibition action was not an appropriate substitute for an appeal.

2

{¶ 6} The cause is now before the court upon Clark's appeal as of right as well as his request for oral argument.

————————————

*James J. Schiller & Associates*, *James J. Schiller* and *Terrance L. Ryan*, for appellant.

*Ron O'Brien*, Franklin County Prosecuting Attorney, and *Anne E. Thomson*, Assistant Prosecuting Attorney, for appellee.

————————————

*Per Curiam.*

*Oral Argument*

{¶ 7} Clark requests oral argument for this appeal pursuant to S.Ct.Prac.R. IX(2). Among the factors we consider in determining whether to grant oral argument in appeals in which oral argument is not required is whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict between courts of appeals. See *State ex rel. McGinty v. Cleveland City School Dist. Bd. of Edn.* (1998), 81 Ohio St.3d 283, 286, 690 N.E.2d 1273, 1276.

{¶ 8} For the following reasons, oral argument is not warranted here. First, this appeal does not involve a matter of great public importance. Second, the legal and factual issues are not complex. Third, while Clark raises a constitutional issue concerning whether the common pleas court's exercise of personal jurisdiction over him comports with due process, this issue is not substantial and can be resolved without oral argument. Fourth, Clark does not assert any conflict between courts of appeals. Finally, Clark does not specify any reason why oral argument would be beneficial to a resolution of this appeal. *Id.*

{¶ 9} Based on the foregoing, we deny Clark's request for oral argument and proceed to the merits of his appeal.

*Prohibition*

{¶ 10} Clark asserts in his propositions of law that the court of appeals erred in granting Judge Connor's motion and dismissing his complaint for a writ of prohibition. Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts warranting relief. *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 426, 687 N.E.2d 283, 284.

{¶ 11} Extraordinary relief in prohibition is not routinely or easily granted. *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas* (1996), 74 Ohio St.3d 536, 540, 660 N.E.2d 458, 461. In order to be entitled to a writ of prohibition, a relator must establish that (1) the court or officers against whom it is sought are about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268. It is undisputed that Judge Connor overruled Clark's motion to dismiss for lack of personal jurisdiction and that he was proceeding to try Liqui-Box's suit.

{¶ 12} As to the remaining requirements for a writ of prohibition, absent a patent and unambiguous lack of jurisdiction, a postjudgment appeal from a decision overruling a motion to dismiss for lack of personal jurisdiction will generally provide an adequate legal remedy, which warrants denial of the writ. *Fraiberg v. Cuyahoga Cty. Court of Common Pleas, Domestic Relations Div.* (1996), 76 Ohio St.3d 374, 375, 667 N.E.2d 1189, 1191.

{¶ 13} Clark asserts that the common pleas court patently and unambiguously lacks personal jurisdiction over him. When determining whether a state court has personal jurisdiction over a nonresident defendant, courts are

obligated to determine (1) whether the state's "long-arm" statute and applicable rule of civil procedure confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law under the Fourteenth Amendment to the United States Constitution. *U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc.* (1994), 68 Ohio St.3d 181, 183-184, 624 N.E.2d 1048, 1051.

{¶ 14} Clark initially contends that Ohio's long-arm statute, R.C. 2307.382, does not permit *in personam* jurisdiction to be based on a defendant's former Ohio residency if the complaint's allegations relate only to events occurring after the Ohio residency was terminated. Judge Connor concluded that the common pleas court has personal jurisdiction over Clark pursuant to R.C. 2307.382(A)(1) and (A)(6). Because Judge Connor did not hold an evidentiary hearing on Clark's Civ.R. 12(B)(2) dismissal motion, Judge Connor was required to view the allegations in the pleadings and documentary evidence most strongly in Liqui-Box's favor. *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 236, 638 N.E.2d 541, 544.

{¶ 15} R.C. 2307.382(A) provides that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state * * * [or] (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state." See, also, Civ.R. 4.3(A)(1) and (A)(9).

{¶ 16} R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1) authorize a court to exercise personal jurisdiction over a nonresident defendant and provide for service of process to effectuate that jurisdiction if the cause of action arises from the nonresident defendant's "[t]ransacting any business in this state." The phrase "transacting any business" is broad and encompasses more than "contract."

*Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 75, 559 N.E.2d 477, 480. Due to the breadth of the phrase "[t]ransacting any business," questions concerning the applicability of R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1) have been resolved on " 'highly particularized fact situations, thus rendering any generalization unwarranted.' " *U.S. Sprint*, 68 Ohio St.3d at 185, 624 N.E.2d at 1052, quoting 22 Ohio Jurisprudence 3d (1980) 430, Courts and Judges, Section 280.

{¶ 17} R.C. 2307.382(A)(6) and Civ.R. 4.3(A)(9) permit a court to exercise personal jurisdiction over a nonresident defendant and provide for service of process to effectuate that jurisdiction if the cause of action arises from a tortious act committed outside Ohio with the purpose of injuring persons, when the nonresident defendant might reasonably have expected that some person would be injured thereby in Ohio.

{¶ 18} Contrary to Clark's assertions on appeal, considering the complaint and documentary evidence before Judge Connor, personal jurisdiction over Clark based on R.C. 2307.382(A)(1) and (A)(6) was not patently and unambiguously lacking. Clark entered into contracts with Liqui-Box and its corporate predecessor in which he agreed not to disclose certain confidential information during and after his employment. All contracts were executed in Ohio between Ohio corporations and Clark when he was an Ohio resident. Clark was employed by Liqui-Box and Corco for approximately twenty years and was an Ohio resident during this lengthy period. He presumably performed in accordance with the agreements during his employment. Clark, by entering into the nondisclosure agreements with Liqui-Box, could have reasonably expected that breaching the agreements by disclosing the confidential information to an Illinois company in the same business as Liqui-Box would injure Liqui-Box. Similarly, in *Innovative Digital Equipment, Inc. v. Quantum Technology, Inc.* (N.D.Ohio 1984), 597 F.Supp. 983, the federal district court determined that it had personal jurisdiction over a nonresident defendant

6

under, among other provisions, R.C. 2307.382(A)(1) and (A)(6), where the Ohio plaintiff alleged that theft and conversion of its catalogue and customer lists occurred upon the nonresident defendant's departure from employment with the Ohio plaintiff and where a secrecy and no-competition agreement that was allegedly breached by the nonresident defendant had been executed in Ohio.

{¶ 19} Clark's contention that his departure from Ohio in 1995 and the lack of contacts with Ohio thereafter preclude personal jurisdiction by the common pleas court lacks merit. He cites no applicable authority for this broad proposition. In fact, if Clark's contention were adopted, Ohio employees who decide to breach nondisclosure agreements negotiated, executed, and partially performed in Ohio could avoid the jurisdiction of Ohio courts by simply moving to another state. Neither case law nor logic dictates this unreasonable result.

{¶ 20} Clark next asserts that Judge Connor patently and unambiguously lacks personal jurisdiction over him in the underlying action because there do not exist minimum contacts between him and Ohio. Under the second part of the personal jurisdiction analysis, a state court may assert personal jurisdiction over a nonresident defendant if the nonresident possesses certain minimum contacts with the state so that the suit does not offend traditional notions of fair play and substantial justice. *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed 95; *Goldstein*, 70 Ohio St.3d at 237, 638 N.E.2d at 545. "The constitutional touchstone is whether the nonresident defendant purposefully established 'minimum contacts' in the forum state; purposeful establishment exists where, *inter alia*, the defendant has created continuing obligations between himself and residents of the forum." *Goldstein*, citing *Kentucky Oaks Mall*. The evidence before Judge Connor indicated that Clark entered into agreements with Liqui-Box that created continuing obligations on his part to Liqui-Box not to disclose certain confidential information that he obtained during his employment with Liqui-Box.

{¶ 21} An in-state plaintiff's contract with an out-of-state defendant, standing alone, does not establish sufficient minimum contacts to justify exercise of personal jurisdiction over the nonresident defendant. *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 478, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528, 545. Instead, we must evaluate "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" to determine whether Clark purposefully established minimum contacts with the forum. *Id.*, 471 U.S. at 479, 105 S.Ct. at 2185, 85 L.Ed.2d at 545.

{¶ 22} Evaluation of these factors supports Judge Connor's exercise of personal jurisdiction over Clark. The nondisclosure agreements were presumably negotiated, executed, and partially performed in Ohio when the parties were an Ohio corporation and an Ohio resident. See *Reynolds v. Internatl. Amateur Athletic Federation* (C.A.6, 1994), 23 F.3d 1110, 1118, citing *LAK, Inc. v. Deer Creek Enterprises* (C.A.6, 1989), 885 F.2d 1293, 1300, for the proposition that the place where the contractual obligation is incurred is an important factor for determining personal jurisdiction. This litigation directly relates to the contracts executed by Clark and Liqui-Box. See *Alaska Telecom, Inc. v. Schafer* (Alaska 1995), 888 P.2d 1296, 1301, where the Alaska Supreme Court found sufficient minimum contacts to exercise personal jurisdiction over a nonresident defendant who had worked for an Alaska corporation because the Alaska corporation's breach of contract action directly related to the defendant's contract not to compete with the Alaska corporation.

{¶ 23} In addition, exercising personal jurisdiction over Clark in the underlying action appears to comport with fair play and substantial justice. *Kentucky Oaks Mall*, 53 Ohio St.3d at 77, 559 N.E.2d at 481. As Judge Connor determined in overruling Clark's motion to dismiss:

"First, Defendant did engage in significant activities, which would establish a substantial connection and minimum contacts with Ohio. The Defendant was

8

employed and resided in Ohio for at least twenty years. Second, Defendant had fair notice when he signed the employment agreement so that he might reasonably anticipate being haled into court in Ohio for a cause of action arising out of the agreement. Third, the allegations which form the basis of the Plaintiff's Complaint arose from the Defendant's extensive business transactions in Ohio. Therefore, based upon the nature of Defendant's conduct and notice, maintenance of this suit in Ohio would not offend traditional notions of fair play and substantial justice." See, *e.g., Innovative Digital Equipment*, 597 F.Supp. at 987 ("Since a state may assert jurisdiction over a nonresident who engages in a single isolated transaction in a state out of which a tort arises * * * it is not manifestly unfair and unreasonable to expect Defendants to defend themselves in Ohio given Defendant Manfroni's past relationship and Quantum's business relationship with IDE.").

{¶ 24} Judge Connor's decision to exercise personal jurisdiction over Clark is further supported by Ohio's unquestioned interest in enforcing the rights of an Ohio corporation specified in a nondisclosure agreement executed in Ohio with an Ohio resident, as well as the relatively minimal burden placed on Clark to defend himself in Ohio given modern transportation and communication. *Goldstein*, 70 Ohio St.3d at 237, 638 N.E.2d at 545. As we emphasized in *Fraiberg*, 76 Ohio St.3d at 378, 667 N.E.2d at 1193, issuance of a writ of prohibition based on an alleged lack of personal jurisdiction is an extremely rare occurrence. Cf. *State ex rel. Connor v. McGough* (1989), 46 Ohio St.3d 188, 546 N.E.2d 407. This case is not one of those rare cases that merits issuance of the writ.

{¶ 25} Based on the foregoing, it appears beyond doubt that Clark can prove no set of facts showing that the common pleas court patently and unambiguously lacks jurisdiction over Liqui-Box's complaint. The court of appeals properly granted Judge Connor's Civ.R. 12(B)(6) motion and dismissed Clark's complaint for extraordinary relief in prohibition. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____