[This decision has been published in *Ohio Official Reports* at 92 Ohio St. 3d 589.]

THE STATE EX REL. TOMA, APPELLANT, *v.* CORRIGAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Toma v. Corrigan*, 2001-Ohio-1289.]

*Prohibition—Writ sought to prohibit judge of common pleas court, probate division, from proceeding in a probate case—Court of appeals' denial of writ affirmed, when.*

(No. 00-2196—Submitted July 17, 2001—Decided August 22, 2001.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 78316.

_____

*Per Curiam.*

{¶ 1} In March 1999, the ancillary administrator of the estate of Margaret E. Meszaros filed a complaint in the Cuyahoga County Court of Common Pleas, Probate Division, for a declaratory judgment. Appellant, Charles J. Toma, was one of the defendants. The administrator alleged the following in his complaint.

{¶ 2} Beginning in November 1995, Toma assisted Meszaros in the management of her financial affairs and had a power of attorney for her. Toma induced Meszaros to create a brokerage account with Prudential Securities that designated Toma as a joint owner with the right of survivorship. Toma represented to Meszaros that he would manage her funds, pay her bills, and distribute account assets upon her death in accordance with her will.

{¶ 3} In November 1996, Meszaros became physically incapacitated and was unable to live alone. Toma moved Meszaros from her home in Florida and placed her in a nursing home close to where he lived in Tulsa, Oklahoma. When the nursing home arrangements became unsatisfactory in late November 1996, Toma agreed to pay Rose Mary Gordyan her travel expenses and costs to move Meszaros to Ohio so that she could live with Gordyan. Toma further agreed to pay Gordyan $2,600 per month to provide the equivalent of nursing home care to

Meszaros. At that time, Meszaros was totally dependent on her caregivers, Toma and Gordyan. On December 18, 1996, within a few days of moving to Ohio, Meszaros was admitted to a hospital in Parma, Ohio, and she subsequently died on January 16, 1997.

{¶ 4} According to Meszaros's administrator, beginning in November 1996, Toma systematically liquidated the assets of the Prudential Securities account for his own benefit. Most of the money drawn from Toma on the account cleared that account after Meszaros had moved to Ohio, and one check for $34,156 cleared the account well after Meszaros had died. In sum, Toma drafted checks and withdrew cash in an amount over $175,000 from the account from November 13, 1996, through January 29, 1997. Upon demand, Toma refused to return these funds to the Meszaros estate for distribution according to her will.

{¶ 5} The administrator requested, *inter alia*, that the probate court enter a judgment declaring that the assets taken by Toma from the Prudential Securities account were assets of the Meszaros estate and that judgment be entered against Toma in an amount equal to all funds converted and received by him from the account plus interest, less any amount actually spent by Toma for or on behalf of Meszaros.

{¶ 6} Toma moved to dismiss the administrator's probate court action for lack of personal jurisdiction over him, and, after a hearing, a magistrate recommended that the probate court grant the motion and dismiss Toma from the case. In his report, the magistrate noted that Toma had arranged Meszaros's transportation to Ohio. In May 2000, appellee, Judge John E. Corrigan of the probate court, denied Toma's motion to dismiss "after reviewing the entire file, the report of the magistrate and oral testimony."

{¶ 7} In July 2000, Toma filed a complaint in the Court of Appeals for Cuyahoga County for a writ of prohibition to prevent Judge Corrigan from further proceeding in the probate court case and requiring that he dismiss Toma as a

defendant in that case. Attached to Toma's complaint was his affidavit in which he stated that he lives in Tulsa, Oklahoma, that he does not transact business in Ohio, that he owns no real or personal property in Ohio other than his share of the Meszaros estate, that the Prudential Securities account he jointly owned with Meszaros was located in Florida, that the payees on the checks written by him on the account were located in either Florida or Oklahoma, and that all of the administrator's acts that were alleged to constitute conversion were performed either in Florida or Oklahoma.

{¶ 8} Judge Corrigan moved to dismiss Toma's prohibition action for failure to state a claim upon which relief can be granted, and the court of appeals *sua sponte* converted the motion to a motion for summary judgment. Toma filed a brief in opposition.

{¶ 9} In November 2000, the court of appeals denied the writ. The court of appeals held that Judge Corrigan did not patently and unambiguously lack personal jurisdiction over Toma and that Toma had an adequate remedy by appeal to challenge Judge Corrigan's ruling.

{¶ 10} This cause is now before the court upon Toma's appeal as of right as well as his request for oral argument.

Oral Argument

{¶ 11} Toma requests oral argument pursuant to S.Ct.Prac.R. IX(2).

{¶ 12} We deny Toma's request for the following reasons. First, S.Ct.Prac.R. IX(2) does not mandate oral argument in this appeal. S.Ct.Prac.R. IX(2)(A). Second, Toma has not established that the usual factors warrant oral argument here. See *State ex rel. Woods v. Oak Hill Community Med. Ctr.* (2001), 91 Ohio St.3d 459, 460, 746 N.E.2d 1108, 1111. Although he raises a constitutional issue, the parties' briefs are sufficient to resolve it. See *State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental Protection Agency* (2000), 88 Ohio St.3d 166, 169, 724 N.E.2d 411, 415. And finally, Toma does not even specify why oral

argument would be beneficial here. *State ex rel. Lee v. Trumbull Cty. Probate Court* (1998), 83 Ohio St.3d 369, 371, 700 N.E.2d 4, 7.

Prohibition

**{¶ 13}** Toma asserts that the court of appeals erred in denying the requested writ of prohibition. Absent a patent and unambiguous lack of jurisdiction, a postjudgment appeal from a decision overruling a motion to dismiss for lack of personal jurisdiction will provide an adequate legal remedy and consequently warrant denial of the writ. *Fraiberg v. Cuyahoga Cty. Court of Common Pleas, Domestic Relations Div.* (1996), 76 Ohio St.3d 374, 375, 667 N.E.2d 1189, 1191.

**{¶ 14}** Toma contends that the probate court patently and unambiguously lacks personal jurisdiction over him.[1] In deciding if an Ohio court has personal jurisdiction over a nonresident defendant, we must determine (1) whether Ohio's long-arm statute, R.C. 2307.382, and the applicable Rule of Civil Procedure, Civ.R. 4.3(A), confer personal jurisdiction and, if so, (2) whether granting jurisdiction under the statute and rule would deprive the nonresident defendant of the right to due process of law under the Fourteenth Amendment to the United States Constitution. *U.S. Sprint Communications Co., L.P. v. Mr. K's Foods, Inc.* (1994), 68 Ohio St.3d 181, 183-184, 624 N.E.2d 1048, 1051.

**{¶ 15}** R.C. 2307.382(A)(6) and Civ.R. 4.3(A)(9) authorize a court to exercise personal jurisdiction over a nonresident defendant and to provide service of process to effectuate that jurisdiction if the cause of action arises from the defendant's "[c]ausing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he [the person to

---

1. Toma does not contend that the probate court lacks subject-matter jurisdiction over the administrator's declaratory judgment action. See *State ex rel. Lipinski v. Cuyahoga Cty. Common Pleas Court, Probate Div.* (1995), 74 Ohio St.3d 19, 22, 655 N.E.2d 1303, 1306, where we noted that probate courts have jurisdiction over declaratory judgment actions related to the administration of an estate, including actions to determine the validity of *inter vivos* transfers where the property transferred would revert to the estate if the transfers were invalidated.

be served] might reasonably have expected that some person would be injured thereby [by the act] in this state." R.C. 2307.382(A)(6); differing wording of Civ.R. 4.3(A)(9) bracketed; see *Clark v. Connor* (1998), 82 Ohio St.3d 309, 311-312, 695 N.E.2d 751, 754.

{¶ 16} It is not patent and unambiguous that R.C. 2307.382(A)(6) and Civ.R. 4.3(A)(9) are inapplicable here. "[C]onversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 175. The administrator alleged in his complaint that Toma had converted Meszaros's property after he had helped move her to Ohio and further converted the property of her Ohio estate following her death. See *Winters Natl. Bank & Trust Co. v. Riffe* (1965), 2 Ohio St.2d 72, 31 O.O.2d 56, 206 N.E.2d 212, paragraph one of the syllabus ("The title to personal property of a deceased person passes to his personal representative, his executor or administrator, pending the settlement of the estate * * *."); see, also, *Herbruck v. LaJolla Capital* (Sept. 27, 2000), Summit App. No. 19586, unreported, 2000 WL 1420282 (nonresident defendant's actions met requirements of R.C. 2307.382[A][6], where he allegedly committed tortious acts, including conversion, outside Ohio while knowing that stock involved was of an Ohio corporation).

{¶ 17} Although we recognize that the tort of conversion generally occurs where and when the actual injury takes place and not at the place of the economic consequences of the injury, see, *e.g., Cycles, Ltd. v. W.J. Digby, Inc.* (C.A.5, 1989), 889 F.2d 612, 619, and *United States v. Swiss Am. Bank, Ltd.* (C.A.1, 1999), 191 F.3d 30, 37-38, we note that in overruling Toma's jurisdictional challenge, Judge Corrigan considered evidence, including oral testimony, that is not part of the record in Toma's prohibition action. Without all of the evidence that was before Judge Corrigan, we are reluctant to grant extraordinary relief in prohibition. See

*Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 238, 638 N.E.2d 541, 545 ("Where personal jurisdiction turns upon some fact to be determined by the trial court, its ruling that it has jurisdiction, if wrong, is simply error for which prohibition is not the proper remedy.").

{¶ 18} Under the second part of the personal jurisdiction analysis, an Ohio court may assert personal jurisdiction over a nonresident defendant if the nonresident has certain minimum contacts with Ohio so that the case does not offend traditional due process concerns of fair play and substantial justice. *Internatl. Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; *Clark*, 82 Ohio St.3d at 313-314, 695 N.E.2d at 756. The constitutional touchstone is whether the nonresident defendant purposely established contacts in Ohio so that the defendant should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 541-542. Although the unilateral activity of third parties does not satisfy this requirement, jurisdiction is proper if the contacts proximately result from actions by the defendant himself that create a substantial connection with Ohio. *Id.*, 471 U.S. at 474-475, 105 S.Ct. at 2183-2184, 85 L.Ed.2d at 541-542; *Corporate Partners, L.P. v. Natl. Westminster Bank, PLC* (1998), 126 Ohio App.3d 516, 522, 710 N.E.2d 1144, 1148.

{¶ 19} Exercising personal jurisdiction over Toma in the probate court action appears to comport with fair play and substantial justice. One could reasonably infer from the allegations of the administrator's complaint that Toma, at a time when Meszaros was totally dependent upon him, facilitated her move to Ohio and paid for her care in this state by Gordyan, so that the move was not a completely unilateral choice by a third party. As alleged by the administrator, Toma himself established contacts with Ohio and then purposefully converted assets intended for the Ohio resident and her estate. Under these circumstances,

Toma could reasonably anticipate being haled into an Ohio court to answer concerning his transactions relating to Meszaros and her estate.

{¶ 20} Despite Toma's contentions to the contrary, this case is not comparable to *State ex rel. Connor v. McGough* (1989), 46 Ohio St.3d 188, 546 N.E.2d 407, where we granted a writ of prohibition because the Due Process Clause of the Fourteenth Amendment patently and unambiguously prevented the Ohio court from asserting personal jurisdiction in an Ohio wrongful death case over a German resident for his involvement in an automobile accident with the Ohio resident in Germany. This is not one of those rare cases, like *Connor*, in which we issued the writ based on the lack of personal jurisdiction that was "premised on a complete failure to comply with constitutional due process." *Fraiberg*, 76 Ohio St.3d at 378, 667 N.E.2d at 1193.

{¶ 21} In sum, the "issuance of a writ of prohibition based on the alleged lack of personal jurisdiction is, even more than a claimed lack of subject-matter jurisdiction, an 'extremely rare occurrence.' " *State ex rel. Suburban Constr. Co. v. Skok* (1999), 85 Ohio St.3d 645, 647, 710 N.E.2d 710, 712, quoting *Clark*, 82 Ohio St.3d at 315, 695 N.E.2d at 757. Toma failed to establish that this case is one of those extremely rare cases in which an Ohio court *patently and unambiguously* lacks personal jurisdiction over a nonresident defendant. Consequently, Toma has an adequate legal remedy by postjudgment appeal to raise his personal jurisdiction claims. By so holding, we need not expressly rule on the merits of his claims because our review is limited to whether personal jurisdiction is *patently and unambiguously* lacking. *Suburban Constr. Co.*, 85 Ohio St.3d at 647, 710 N.E.2d at 712.

{¶ 22} Based on the foregoing, the court of appeals properly denied the requested extraordinary relief in prohibition. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Wargo & Wargo* and *Mark Fusco*, for appellant.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Charles E. Hannan, Jr.*, Assistant Prosecuting Attorney, for appellee.

_____