OPINION
{¶ 1} Respondent-appellant Angela K. Lewis ("mother") appeals the May 7, 2003 Entry of the Morgan County Court of Common Pleas, Juvenile Division, which granted petitioner-appellee Larry Albert ("grandfather") visitation with mother's minor child and grandfather's grandchild.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On June 19, 2002, grandfather, the maternal grandparent of the minor child, Chelsea Ann Smith (DOB 1/22/93), filed a Motion for Grandparent Visitation in the Morgan County Court of Common Pleas, Juvenile Division. Via Journal Entry filed July 25, 2002, the trial court issued temporary orders, granting grandfather weekend visitation with Chelsea. Mother filed a memorandum in opposition to grandfather's motion for visitation, asserting the trial court lacked jurisdiction. Subsequently, on December 31, 2002, mother filed a motion to dismiss motion for grandparent visitation, again asserting the trial court's lack of jurisdiction over the matter. Grandfather filed a memorandum contra to mother's motion to dismiss. The trial court granted the parties' leave to file additional pleadings, as well as proposed findings of fact and conclusions of law. Via Journal Entry filed May 8, 2003, the trial court granted grandfather visitation.
{¶ 3} It is from this judgment entry mother appeals, raising the following assignments of error:
{¶ 4} "I. Trial court erred and abused its discretion when it failed to fully and adequately review the factors as set forth in Ohio Revised Code Section 3109.05.1(d).
{¶ 5} "II. The trial court erred and abused its discretion by failing to afford the defendant-appellant's parental decision material or special weight.
{¶ 6} "III. The trial court erred and abused its discretion under the 14th amendments due process clause by granting grandparent visitation rights.
{¶ 7} "IV. The trial court erred in failing to dismiss the motion for grandparent visitation rights."
 IV
{¶ 8} Because we find mother's fourth assignment of error to be dispositive of this appeal, we shall address said assignment of error first. In her fourth assignment of error, mother contends the trial court erred in failing to dismiss grandfather's motion for visitation as the trial court lacked jurisdiction. We agree.
{¶ 9} R.C. 3109.051, which governs visitation, provides, in relevant part:
{¶ 10} "(B)(1) In a divorce, dissolution of marriage, legal separation, annulment, or child support proceeding that involves a child, the court may grant reasonable companionship or visitation rights to any grandparent, any person related to the child by consanguinity or affinity, or any other person other than a parent, if all of the following apply:
{¶ 11} "(a) The grandparent, relative, or other person files a motion with the court seeking companionship or visitation rights.
{¶ 12} "(b) The court determines that the grandparent, relative, or other person has an interest in the welfare of the child.
{¶ 13} "(c) The court determines that the granting of the companionship or visitation rights is in the best interest of the child.
{¶ 14} "(2) A motion may be filed under division (B)(1) of this section during the pendency of the divorce, dissolution of marriage, alimony, annulment, or child support proceeding or, if a motion was not filed at that time or was filed at that time and the circumstances in the case have changed, at any time after a decree or final order is issued in the case."
{¶ 15} Pursuant to R.C. 3109.051, the trial court may grant visitation only upon a disruptive, precipitating event. In In re Gibson
(1991), 61 Ohio St.3d 168, the Ohio Supreme Court held the complaint of a grandparent seeking only visitation with a grandchild may not be determined by the juvenile court pursuant to its authority to determine the "custody" of children under R.C. 2151.23(A)(2). The Gibson Court emphasized the grandparent had merely filed a complaint for visitation rights with his grandson without the occurrence of a "disruptive precipitating event, such as a parental death or divorce." Id. at 169. In addition, the grandparent had never been awarded custody of his grandson and the juvenile court had never exercised jurisdiction over the child. Id.
{¶ 16} Because a disruptive precipitating event never occurred and the juvenile court never exercised jurisdiction over Chelsea, we find the trial court lacked jurisdiction over the matter. Grandfather's motion for grandparent visitation was not made in conjunction with any divorce, dissolution of marriage, legal separation, annulment, or child support proceeding involving a child.
{¶ 17} Mother's fourth assignment of error is sustained.
 I, II, III
{¶ 18} In light of our disposition of mother's fourth assignment of error, we find mother's first, second, and third assignments of error to be moot.
{¶ 19} The judgment of the Morgan County Court of Common Pleas, Juvenile Division, is vacated and grandfather's motion for visitation is dismissed.
Hoffman, P.J., Wise, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Morgan County Court of Common Pleas, Juvenile Division, is vacated and appellee's motion for grandparent visitation is dismissed. Costs assessed to appellee.