**DIGIANTONIO, Appellant,**

v.

**TURNMIRE, Appellee.**

[Cite as *Digiantonio v. Turnmire*, 173 Ohio App.3d 665, 2007-Ohio-6178.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2007–CA–00128.

Decided Nov. 19, 2007.

Craig T. Conley, for appellant.

Ted Chuparkoff, for appellee.

Gwin, Presiding Judge.

{¶ 1} Defendant-appellant Amelia Digiantonio appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which overruled her motion to dismiss the complaint filed by plaintiff-appellee Elaine Turnmire. Appellant assigns a single error to the trial court:

{¶ 2} "The trial court below erred in denying appellant's motion to dismiss and/or motion for judgment on the pleadings and in thereby assuming jurisdiction based upon appellee's complaint."

{¶ 3} The record indicates that appellee filed a complaint requesting grandparent visitation with appellant's minor child. Appellee alleged she is the biological mother of John Turnmire and the paternal grandmother of Dillon Turnmire, appellant's minor son. Appellee alleged that the biological father was unable to exercise visitation with his son, and the appellee wished to maintain a relationship with her grandchild, but appellant has denied her the opportunity to do so.

{¶ 4} Appellant filed an answer and a motion to dismiss, or in the alternative, for judgment on the pleadings, citing *Albert v. Lewis*, Morgan App. No. CA03–001, 2004-Ohio-41, 2004 WL 35469. In *Albert*, this court found that a nonparent could prevail on a motion for visitation brought pursuant to R.C. 3109.051 only if a disruptive precipitating event had occurred. Id. at ¶ 15, citing *In re Gibson* (1991), 61 Ohio St.3d 168, 573 N.E.2d 1074. Appellant argued that because appellee had not pleaded the existence of a disruptive precipitating event, the court lacked jurisdiction over the matter and appellee had failed to state a claim upon which relief could be granted.

{¶ 5} The matter was referred to a magistrate, who issued an order overruling appellant's motion. Appellant objected to the magistrate's order, and the trial court found that the *Albert* case did not apply because it was filed pursuant to R.C. 3109.051, while the present case is filed pursuant to R.C. 3109.12, which does not require a disruptive precipitating event. From this order, appellant appeals.

{¶ 6} Appellee argues that the judgment appealed from is not a final, appealable order, or, in the alternative, that the trial court properly distinguished the *Albert* case. Appellee also argues that the record demonstrates that there actually was a disruptive precipitating event here.

{¶ 7} Ohio law grants appellate courts jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.

{¶ 8} Revised Code 2505.02 states:

{¶ 9} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 10} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ 11} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ 12} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶ 13} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 14} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 15} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 16} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶ 17} "(6) An order determining the constitutionality of any changes to the Revised Code * * *."

{¶ 18} Appellant cites *Natl. City Commercial Capital Corp. v. AAAA at Your Service, Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, as authority for the proposition that a court's determination that it has jurisdiction is a final, appealable order.

{¶ 19} In the *Natl. City* case, the Ohio Supreme Court reviewed an order dismissing an action for lack of personal jurisdiction. The court found that a dismissal is a final, appealable order. However, the Supreme Court stated that "[p]arties that believe an Ohio court has wrongly asserted jurisdiction over them have a right of appeal. *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 235, 638 N.E.2d 541, citing *State ex rel. Bradford v. Trumbull Cty. Court* (1992), 64 Ohio St.3d 502, 597 N.E.2d 116, and *State ex rel. Pearson v. Moore* (1990), 48 Ohio St.3d 37, 548 N.E.2d 945 ('Absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction'). See *State ex rel. Toma v. Corrigan* (2001), 92 Ohio St.3d 589, 594, 752 N.E.2d 281; *Clark v. Connor* (1998), 82 Ohio St.3d 309, 311–312, 695 N.E.2d 751."

{¶ 20} To understand this holding, it is helpful to review the *Toma* case. In *Toma*, the trial court overruled a motion to dismiss the action for lack of personal jurisdiction. Toma, a resident of Oklahoma, then filed a complaint for a writ of prohibition in the court of appeals to prevent the trial judge from holding further proceedings and requested that the court of appeals order the trial court to dismiss Toma from the case. Toma argued that the trial court patently and unambiguously lacked personal jurisdiction over him. The court of appeals

denied the writ, finding that the trial court did not patently and unambiguously lack personal jurisdiction over Toma and that he had an adequate remedy at law by way of appeal.

{¶ 21} The Ohio Supreme Court found that in deciding whether an Ohio court has personal jurisdiction over a nonresident defendant, the court must determine whether granting jurisdiction under Ohio's long-arm statute, R.C. 2307.382, and Civ.R. 4.3(A) would deprive the nonresident defendant of the right to due process of law under the Fourteenth Amendment to the United States Constitution. *Toma*, 92 Ohio St.3d at 592, 752 N.E.2d 281, citing *U.S. Sprint Communications Co., L.P. v. Mr. K's Foods, Inc.* (1994), 68 Ohio St.3d 181, 183–184, 624 N.E.2d 1048.

{¶ 22} The Ohio Supreme Court noted that the issuance of a writ of prohibition based on lack of personal jurisdiction is an extremely rare occurrence, even more so than a claimed lack of subject-matter jurisdiction. *Toma* at 593, 752 N.E.2d 281. The Ohio Supreme Court found that absent a patent and unambiguous lack of jurisdiction, a postjudgment appeal from a decision overruling a motion to dismiss for lack of personal jurisdiction provides an adequate remedy at law. Id. The Ohio Supreme Court concluded that Toma had an adequate legal remedy in the appeal process.

{¶ 23} Here, R.C. 2305.382 and Civ.R. 4.3 do not apply. We find that the case does not present the extremely rare situation where the court's exercise of personal jurisdiction so violates the principles of due process as to render it appealable before the trial court has entered a final judgment on the merits.

{¶ 24} We find we lack jurisdiction over the matter, and accordingly, the appeal is dismissed.

Appeal dismissed.

FARMER and EDWARDS, JJ., concur.