OPINION *Page 2 
{¶ 1} Relator Mary Kvinta has filed a "Petition for Peremptory Writ of Mandamus and for Writ of Mandamus, and in the Alternative, for a Writ of Prohibition Seeking Final and Alternative Writ" requesting Respondent be ordered to dismiss the claim against Relator, or in the alternative, requesting Respondent be prohibited from exercising jurisdiction over Relator.
 {¶ 2} The parties in the underlying action have been involved in litigation in Franklin County and in Richland County. The Plaintiff in the Richland County divorce case is Anita Kvinta, who was found to be the common law wife of Charles Kvinta by the Franklin County Domestic Relations Court. Charles Kvinta and Relator, Mary Kvinta, are alleged to be married or partners. Relator has been named as a defendant in the Richland County divorce case. The Richland County Court has found it does has personal jurisdiction over Relator, and, it has subject matter jurisdiction over the status of the marriage of Anita and Charles Kvinta, as well as subject matter jurisdiction to adopt the terms of decree of legal separation from the Franklin County case. Further, the Richland County Court asserts it has subject matter jurisdiction over the claim against Mary Kvinta which is a tort alleged to arise out of the divorce action.
 {¶ 3} Mary Kvinta avers the action against her is a tort, therefore, the trial court's determination that it only has subject jurisdiction over the marriage means the trial court lacks subject matter jurisdiction over the tort filed against Mary.
 {¶ 4} The trial court has very clearly found it has subject matter jurisdiction over the property, the status of the marriage, and the issue of adoption of the decree of *Page 3 
legal separation, and the tort which is alleged to have arisen as a result of the divorce action.
 {¶ 5} The trial court held in part, "[T]he Court finds that the claim against Mary Kvinta is that she possesses marital property that she has fraudulently concealed in the divorce action. This Court finds that the claims arising out of the tort, therefore, becomes an action arising out of the divorce action. Marital property owned by Charles Kvinta, paid to his new spouse, would not give rise to a separate cause of action in a Court of general division."
 {¶ 6} As the Supreme Court stated "[p]arties that believe an Ohio court has wrongly asserted jurisdiction over them have a right of appeal. Goldstein v. Christiansen (1994), 70 Ohio St.3d 232, 235,638 N.E.2d 541, citing State ex rel. Bradford v. Trumbull Cty. Court (1992),64 Ohio St.3d 502, 597 N.E.2d 116, and State ex rel. Pearson v.Moore (1990), 48 Ohio St.3d 37, 548 N.E.2d 945. "Absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction" State ex rel. Toma v. Corrigan (2001), 92 Ohio St.3d 589,594, 752 N.E.2d 281; Clark v. Connor (1998), 82 Ohio St.3d 309, 311-312,695 N.E.2d 751."
 {¶ 7} To be entitled to the issuance of a writ of mandamus, the Relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate remedy in the ordinary course of law. State ex rel. Master v. Cleveland (1996),75 Ohio St.3d 23, 26-27, 661 N.E.2d 180; State ex rel. Harris v. Rhodes (1978),5 Ohio St.2d 41, *Page 4 324 N.E.2d 641, citing State ex rel.National City Bank v. Bd ofEducation (1977) 520 Ohio St.2d 81, 369 N.E.2d 1200. Mandamus may not be used to collaterally attack a judgment of an inferior court unless the court was without jurisdiction to render the judgment. See, State exrel. Inland Properties Co. v. Court of Appeals (1949), 151 Ohio St. 174,177, 84 N.E.2d 922 and State, ex rel. Ballard v. O'Donnell (1999),50 Ohio St.3d 183, 553 N.E.2d 650, paragraph two of syllabus.
 {¶ 8} For a writ of prohibition to issue, the relator must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and, (3) the relator has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 178, 631 N.E.2d 119. A writ of prohibition, regarding the unauthorized exercise of judicial power, will only be granted where the judicial officer's lack of subject-matter jurisdiction is patent and unambiguous. Ohio Dept. of Adm. Serv., Office of Collective Bargainingv. State Emp. Relations Bd. (1990), 54 Ohio St.3d 48, 562 N.E.2d 125. Where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results of prior actions taken without jurisdiction. State ex rel. Goldberg v.Mahoning Cty. Probate Court (2001), 93 Ohio St.3d 160, 162,753 N.E.2d 192. State ex rel. Sautter v. Hon. Lawrence Grey L 1151878, *5-6.
 {¶ 9} We find neither prohibition nor mandamus is a remedy to which Relator is entitled because Relator has an adequate remedy at law. This is illustrated by the appeal filed by Charles Kvinta in the Tenth District which challenged the jurisdiction of *Page 5 
the Franklin County Court of Common Pleas. With the existence of an adequate remedy at law, the Petition must be denied.
 {¶ 10} WRIT DENIED.
 By: Wise, J., Hoffman, P. J. and Farmer, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the Writ of Mandamus is hereby denied.
 Costs taxed to Relator. *Page 1