[Cite as *Cantie v. Hillside Plaza*, 2014-Ohio-822.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99850

---

## LOUISE CANTIE

PLAINTIFF-APPELLEE

vs.

## HILLSIDE PLAZA, ET AL.

DEFENDANTS-APPELLANTS

---

### JUDGMENT:
AFFIRMED IN PART;
DISMISSED IN PART

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-791812

**BEFORE:**  Blackmon, J., S. Gallagher P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**  March 6, 2014

**ATTORNEYS FOR APPELLANTS**

Bret C. Perry
Jennifer R. Becker
Jason A. Paskan
Donald J. Richardson
Bonezzi Switzer Polito & Hupp
1300 East 9th Street
Suite 1950
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Blake A. Dickson
Meghan P. Connolly
Jacqueline M. Mathews
Mark D. Tolles, II
The Dickson Firm, L.L.C.
Enterprise Place, Suite 420
3401 Enterprise Parkway
Beachwood, Ohio 44122

PATRICIA ANN BLACKMON, J.:

{¶1} Appellants Euclid Hill Health Investors, Inc., d.b.a. Hillside Plaza and DMD Management, Inc., d.b.a. Legacy Health Services (collectively referred to as appellants) appeal the trial court's denial of their motion to dismiss the complaint of appellee Louise Cantie, personal representative of the Estate of James Cantie ("the estate"), and the trial court's refusal to stay the matter for arbitration. Appellants assign the following three errors for our review:

> I. The trial court lacks subject matter jurisdiction over this case consistent with the Ninth District's decision in *Heller v. Pre-Paid Legal Services, Inc.*

> II. The arbitration agreement at issue herein is neither procedurally or substantially unconscionable, therefore, a valid and enforceable arbitration agreement has been executed.

> III. The arbitration provision applies to all claims including wrongful death pursuant to the Supreme Court of the United State's decision in *Marmet.*

{¶2} Having reviewed the record and relevant law, we affirm the trial court's denial of the motion to stay and dismiss appellants' appeal of the denial of the motion to dismiss for lack of a final appealable order. The apposite facts follow.

## Facts

{¶3} This case arises from the treatment and care provided to James Cantie ("Cantie") while he was a resident of Hillside nursing home. Prior to Cantie's admission to Hillside on August 30, 2011, his son was required to sign an admission agreement on behalf of Cantie. Cantie's son, Mark Cantie, signed the agreement without reading it and claims he was told it was a mere formality in order for his father to be admitted. The

agreement is a 12-page document. On page nine of the agreement, there is an arbitration provision that stated Cantie agreed to submit any claims against Hillside to arbitration.

{¶4} On October 6, 2011, Cantie passed away. On September 20, 2012, the estate filed a complaint against appellants alleging that they were negligent in their care and treatment of Cantie and that the negligence was the proximate cause of his death.

{¶5} On November 20, 2012, the appellants filed a motion to dismiss the complaint contending the medical affidavit the estate attached to its complaint was insufficient. The trial court denied the motion. Pending the court's ruling on their motion to dismiss, the appellants filed an answer on November 21, 2012, in which they failed to raise as an affirmative defense that the matter was subject to arbitration. On December 13, 2012, the appellants filed an amended answer, with leave of the court, in which they raised the affirmative defense of arbitration.

{¶6} A case management conference was conducted on January 3, 2013, where the court set forth the discovery cut off and due dates for expert reports. A trial date was set for September 18, 2013. No mention is made in the order regarding a briefing schedule regarding the arbitration provision.

{¶7} On January 11, 2013, the estate filed a motion to compel the appellants to respond to its discovery requests that it propounded on November 13, 2012. The trial court granted appellants' motion to allow them until February 1, 2013, to respond to the discovery requests. On January 31, 2013, the appellants filed a "Notice of Submission of

Discovery Responses" to Plaintiff in which they stated that they responded to over 200 interrogatories and produced over 1,740 pages of documents.

{¶8} On February 4, 2013, the estate filed a motion for a protective order regarding some of the appellants' request for admissions, which it claimed were inappropriate and harassing. The trial court granted the order regarding the first and second requests for admissions.

{¶9} On March 5, 2013, the appellants filed a "motion to dismiss for lack of subject matter jurisdiction or, in the alternative, motion to stay proceedings and compel/enforce arbitration," which was opposed by the estate. On April 11, 2013, the trial court denied the motion without opinion.

## Denial of Motion to Stay and Compel Arbitration

{¶10} We will address appellants' second and third assigned errors first. We will discuss them together because they both concern the trial court's denial of their motion to stay and compel arbitration. The appeal of the denial of the motion to stay and compel arbitration is a final appealable order. R.C. 2711.02(C); *Kelm v. Kelm*, 73 Ohio App.3d 395, 597 N.E.2d 535 (10th Dist.).[1]

---

[1]During oral argument, we discussed whether apparent authority was an issue based on the son's signing the agreement. Because the son checked off a box in the agreement representing he had a power of attorney and because no evidence was submitted suggesting the power of attorney was invalid, this court's decisions in *Tedeschi v. Atrium Ctrs., L.L.C.*, 8th Dist. Cuyahoga No. 97647, 2012-Ohio-2929, and *Templeman v. Kindred Healthcare, Inc.*, 8th Dist. Cuyahoga No. 99618, 2013-Ohio-3738, do not apply.

**{¶11}** We conclude that whether the arbitration provision is substantively and procedurally conscionable is irrelevant because by actively engaging in litigation, the appellants waived their right to arbitration.

**{¶12}** It is well settled that a party may waive any of its contractual rights, including the right to arbitration. *Thornton v. Haggins*, 8th Dist. Cuyahoga No. 83055, 2003-Ohio-7078; *Hogan v. Cincinnati Fin. Corp.*, 11th Dist. Trumbull No. 2003-T-0034, 2004-Ohio-3331. "'The essential question is whether, based on the totality of the circumstances, the party seeking arbitration has acted inconsistently with the right to arbitrate.'" *Thornton*, quoting *Harsco Corp. v. Crane Carrier Co.*, 122 Ohio App.3d 406, 701 N.E.2d 1040 (3d Dist.1997).

> To determine whether a defendant acted inconsistently with arbitration, the court should consider: (1) any delay in the requesting party's demand to arbitrate via a motion to stay judicial proceedings and an order compelling arbitration; (2) the extent of the requesting party's participation in the litigation prior to its filing a motion to stay the judicial proceeding, including a determination of the status of discovery, dispositive motions, and the trial date; (3) whether the requesting party invoked the jurisdiction of the court by filing a counterclaim or third-party complaint without asking for a stay of proceedings; and (4) whether the non-requesting party has been prejudiced by the requesting party's inconsistent acts.

*Id*.; *see also Skerlec v. Ganley Chevrolet, Inc.*, 8th Dist. Cuyahoga No. 98247, 2012-Ohio-5748; *Hausser & Taylor v. Accelerated Sys. Integration, Inc.*, 8th Dist. Cuyahoga No. 84748, 2005-Ohio-1017, ¶ 20.

**{¶13}** The question of whether a party has waived the right to arbitration is a matter directed to the sound discretion of the trial court. *Church v. Fleishour Homes*, 172 Ohio App.3d 205, 2007-Ohio-1806, 874 N.E.2d 795, ¶ 79 (5th Dist.) In order for a trial court to have abused its discretion, there must be "more than error of law or judgment." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

Abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Id.*

{¶14} We conclude the trial court could have rationally concluded that the appellants waived arbitration. Appellants failed to seek enforcement of the arbitration provision until March 4, 2013, nearly six months after the case was filed. Before filing the motion to stay, appellants filed their answer to the complaint without raising arbitration as an affirmative defense and sought dismissal on grounds other than arbitration. Appellants eventually filed an amended answer on December 13, 2012, in which they alleged arbitration as an affirmative defense, but they did not demand arbitration at this time but waited almost three months before filing their motion to stay and compel. In fact, shortly after filing leave to amend their answer to add the defense, the trial court conducted a case management conference where it set discovery and expert report dates and the trial date. No mention is made regarding briefing of the arbitration issue, which indicates that the appellants were pursuing a litigation schedule.

{¶15} Additionally, the appellants actively engaged in litigation. The parties had propounded written discovery requests. Both parties responded to each other's requests producing thousands of pages of documents. The appellants also conducted the depositions of Louise Cantie and Mark Cantie. Appellants responded to the estate's motion to compel, and the estate filed a protective order regarding the appellants' request for admissions, which the appellants opposed. Moreover, an eight-page letter attached to the estate's motion opposing the stay shows that on February 20, 2013, the parties had an

extensive meeting regarding pending discovery matters. These activities all occurred after the appellants had filed their amended answer raising arbitration as an affirmative defense.

{¶16} Whether the nonmoving party was prejudiced is only a factor to be considered and not necessary for finding waiver occurred. *U.S. Bank v. Wilkens*, 8th Dist. Cuyahoga No. 93088, 2010-Ohio-262, ¶ 43. However, given the extent of the discovery and preparation for trial, the estate would have been prejudiced if the matter were to be referred to arbitration given the time devoted to preparing for trial.

{¶17} Appellants argue that this case is similar to that of *U.S. Bank v. Wilkens*, 8th Dist. Cuyahoga No. 93088, 2010-Ohio-262, where this court held that waiver of arbitration did not occur in spite of the bank not raising arbitration until five months after originally answering and after participating in "insignificant" discovery. Whether a party waived their right to arbitrate is dependent on the facts of that particular case. *Phillips v. Lee Homes*, 8th Dist. Cuyahoga No. 64353, 1994 Ohio App. LEXIS 596 (Feb. 17, 1994). We find the facts are distinguishable from the case herein.

{¶18} In *Wilkens*, this court found that the bank's late request for arbitration and participation in discovery did not waive its right to arbitration because the discovery process is what alerted the bank to the arbitration provision. We held,

> It was through the initial discovery process that U.S. Bank found the arbitration rider — and when it did, it notified the Wilkenses' attorney immediately. If it had not done so, and continued to participate in discovery and litigation, it would have been more of a factor.

{¶19} In the instant case, the appellants continued to engage in discovery even after amending their answer to include the defense of arbitration. There is also no evidence that the appellants, who drafted the admission agreement, were not aware of the arbitration provision until discovery was conducted.

{¶20} In *Wilkens*, we found the fact that the trial court issued a scheduling order based on litigation was not a critical factor because the bank requested the court to amend the schedule when it filed its motion to compel arbitration. No such request was made in the instant case. Thus, because the facts of the *Wilkens* case differ from those in the instant case, we find *Wilkens* distinguishable.

{¶21} Accordingly, appellants' second and third assigned errors are overruled.

### Denial of Motion to Dismiss

{¶22} In their first assigned error, the appellants argue the trial court erred by denying their motion to dismiss for lack of subject matter jurisdiction.

{¶23} Under R.C. 2505.02(B), an order is a final, appealable order if it satisfies each part of a three-part test: (1) the order must either grant or deny relief sought in a certain type of proceeding, which the General Assembly calls a "provisional remedy," (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing the order would not be afforded a meaningful or effective remedy by an appeal following final judgment.

*Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, 876 N.E.2d 1217, ¶ 16; *State v. Muncie*, 91 Ohio St.3d 440, 446, 2001-Ohio-93, 746 N.E.2d 1092.

{¶24} A denial of a motion to dismiss is not a final appealable order because the party can seek a remedy on appeal after a final judgment is entered. "The rule that the denial of a motion to dismiss is not a final order applies with equal force to motions that challenge the subject matter jurisdiction of a court." *Matteo v. Principe*, 8th Dist. Cuyahoga No. 92894, 2010-Ohio-120, citing to *Lonigro v. Lonigro*, 55 Ohio App.3d 30, 31, 561 N.E.2d 573 (2d Dist.1989); *Digiantonio v. Turnmire*, 173 Ohio App.3d 665, 2007-Ohio-6178, 880 N.E.2d 109 (5th Dist.). In *Natl. City Commercial Capital Corp. v. AAAA At Your Serv., Inc.*, 114 Ohio St.3d 82, 2007- Ohio-2942, 868 N.E.2d 663, the Ohio Supreme Court justified this rule by noting that "[p]arties that believe an Ohio court has wrongly asserted jurisdiction over them have a right of appeal." Accordingly, the appellants' first assigned error is dismissed for lack of a final appealable order.

{¶25} Judgment affirmed in part and dismissed in part.

It is ordered that appellee recover from appellants the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


                _____

PATRICIA ANN BLACKMON, JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR