DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Comm Star Community Star Credit Union ("the Credit Union"), appeals from the judgment of the Lorain County Court of Common Pleas that granted summary judgment in favor of appellee, Knott's Towing ("Knott's"). This Court affirms.
 I. {¶ 2} The Credit Union is the holder of a note and security agreement executed by Carletta Nickson. The note was secured by Nickson's automobile, a 1995 Cadillac Deville. On July 14, 2005, Westfield Mall Security called Knott's *Page 2 
to have the Cadillac towed from their property pursuant to R.C. 4513.60. Knott's towed the vehicle, notified the local police department of its actions, and held the car for fifteen days. On August 3, 2005, Knott's sent an affidavit to the Registrar of Motor Vehicles to begin the process of re-titling the vehicle. After receiving notice from the Registrar that the affidavit was complete, Knott's sent certified letters to Nickson and the Credit Union. The letters stated that Knott's intended to file for title of the vehicle. The Credit Union received its letter on September 1, 2005.
 {¶ 3} On October 4, 2005, the Credit Union filed a replevin action, naming Nickson and Knott's as defendants. Knott's did not timely answer the complaint, and the Credit Union received a default judgment. Knott's moved to vacate the default judgment, and the trial court granted the motion. After that judgment was vacated, both Knott's and the Credit Union moved for summary judgment. After reviewing the parties' arguments, the trial court granted summary judgment in favor of Knott's. The Credit Union timely appealed the trial court's judgment, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN GRANTING KNOTT'S MOTION FOR SUMMARY JUDGMENT[.]"
 {¶ 4} In its sole assignment of error, the Credit Union asserts that the trial court erred in issuing summary judgment. Specifically, the Credit Union asserts *Page 3 
that a genuine issue of fact remains and that Knott's lacked the statutory authority to perform its actions. This Court finds no merit in the Credit Union's assertions.
 {¶ 5} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a *Page 4 
genuine dispute over a material fact. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 8} R.C. 4513.60(B)(1) permits the owner of private property to establish a private tow-away zone. In addition, R.C. 4513.60(B)(2) provides as follows:
 "If a vehicle is parked on private property that is established as a private tow-away zone in accordance with division (B)(1) of this section, without the consent of the owner of the property or in violation of any posted parking condition or regulation, the owner or the owner's agent may remove, or cause the removal of, the vehicle, the owner and the operator of the vehicle shall be deemed to have consented to the removal and storage of the vehicle and to the payment of the towing and storage charges specified in division (B)(1)(a)(iii) of this section, and the owner, subject to division (C) of this section, may recover a vehicle that has been so removed only in accordance with division (E) of this section."
The parties do not dispute that the vehicle in question was properly towed from the Westfield property under R.C. 4513.60(B)(2).
 {¶ 9} The Credit Union, however, contends that the subsequent actions taken by Knott's were improper. Specifically, the Credit Union asserts that R.C. 4505.101 was inapplicable. In the alternative, the Credit Union alleges that Knott's failed to comply with the provisions of R.C.4505.101. We separately address the Credit Union's contentions.
 {¶ 10} In its brief, the Credit Union contends that the only mechanism for re-titling the vehicle is contained in R.C. 4513.61 because R.C.4513.60 was the authority under which Knott's towed the vehicle. This Court disagrees. *Page 5 
 {¶ 11} R.C. 4513.60(E) mandates that the procedures of R.C. 4513.61
must be followed if the vehicle is ordered into storage under R.C.4513.60(A)(1). In turn, R.C. 4513.60(A)(1) references vehicles ordered into storage by local law enforcement officials. Nothing in R.C.4513.60(E) suggests that a private storage company must proceed under R.C. 4513.61. Moreover, as R.C. 4513.61 only permits title to be re-issued to the law enforcement agency that ordered the storage, it would be illogical to attempt to apply that statute to a private storage company. Consequently, we decline to add to the language of R.C.4513.60(E) and apply it to private storage companies. As such, Knott's properly proceeded under R.C. 4505.101.
 {¶ 12} R.C. 4505.101(A) provides as follows:
 "The owner of any repair garage or place of storage in which a motor vehicle with a value of less than two thousand five hundred dollars has been left unclaimed for fifteen days or more following completion of the requested repair or the agreed term of storage may send by certified mail, return receipt requested, to the last known address of the owner a notice to remove the motor vehicle. If the motor vehicle remains unclaimed by the owner for fifteen days after the mailing of the notice, and the person on whose property the vehicle has been abandoned has received the signed receipt from the certified mail or has been notified that the delivery was not possible, the person shall obtain a certificate of title to the motor vehicle in the person's name in the manner provided in this section."
The Credit Union argues that a question of fact remains regarding whether Knott's complied with the above provision. Specifically, the Credit Union asserts that Knott's initial affidavit to the Registrar of Motor Vehicles indicates that the *Page 6 
vehicle is worth more than $2,500 and therefore a question of fact remains regarding the application of R.C. 4501.101. This Court disagrees.
 {¶ 13} In its affidavit to the Registrar of Motor Vehicles, Knott's inserted the number $5,450 next to a line which reads: "Wholesale value of vehicle regardless of condition, as of this date[.]" The Credit Union asserts that this information is sufficient to create a genuine issue of material fact. In so doing, however, the Credit Union ignores the remainder of the affidavit. Directly below the above-quoted line are the following lines and the corresponding information filled in by Knott's (bolded herein):
 "Estimate cost of repairs to restore vehicle to wholesale value * * * $5300.
 "Actual expenses incurred * * * $890.00.
 "Total deductions * * * $6190.
 "Value of vehicle, less deductions: * * * If more than $2500.00 this form cannot be used. * * *-$740."
The plain language of the affidavit demonstrates that the initial figure used by Knott's does not take into account the value of the vehicle in its current state of repair. Moreover, the form itself indicates that it is the number on the final-quoted line that must be below $2,500 in order for R.C. 4505.101(A) to be applicable. Consequently, the affidavit does not create an issue of fact regarding the value of the vehicle. Rather, it demonstrates that the current value of the vehicle as calculated under R.C. 4505.101(A) is less than $2,500. *Page 7 
 {¶ 14} In its final argument, the Credit Union asserts that it was improper for Knott's to complete its action of re-titling the vehicle during the course of this litigation. This Court disagrees.
 {¶ 15} The Credit Union's complaint for replevin acts as claim on the vehicle. See Caulkins v. Justine (Mar. 27, 1991), 9th Dist. Nos. 1931, 1932. The Credit Union's complaint, however, was filed more than fifteen days after it received notice that Knott's intended to re-title the vehicle. See id. (noting that the owner of the vehicle filed the replevin action within the fifteen day claim period). As the Credit Union did not make a claim within the time allotted by R.C. 4505.101(A), nothing prohibited Knott's from pursuing its statutory right to have the vehicle re-titled. Moreover, we have found no authority to suggest that an untimely claim on the vehicle, regardless of the forum chosen to make that claim, may defeat or delay invoking the statutory right contained in R.C. 4505.101(A).
 {¶ 16} Having rejected the Credit Union's claims, this Court finds no error in the trial court's grant of summary judgment. The Credit Union's sole assignment of error lacks merit.
 III. {¶ l7} The Credit Union's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 8 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 WHITMORE, P. J. DICKINSON, J. CONCUR *Page 1