[Cite as *Matthews v. Heflin*, 2012-Ohio-2862.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| GERALDINE MATTHEWS, | : | APPEAL NO. C-110612 |
|  |  | TRIAL NO. A-1001178 |
| Plaintiff-Appellant, | : |  |
|  |  |  |
| vs. | : | *O P I N I O N.* |
|  |  |  |
| MARK HEFLIN ENTERPRISES, INC., | : |  |
| d.b.a. MARKS AUTO BODY, |  |  |
|  | : |  |
| MARK HEFLIN, |  |  |
|  | : |  |
| and |  |  |
|  | : |  |
| CINFED EMPLOYEES FEDERAL |  |  |
| CREDIT UNION, | : |  |
|  |  |  |
| Defendants-Appellees. | : |  |

Civil Appeal From: Hamilton County Common Pleas Court

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Final Judgment Entered

Date of Judgment Entry on Appeal: June 27, 2012

*Stephen R. Felson*, for Plaintiff-Appellant,

*Michael Todd McIntosh*, for Defendants-Appellees Mark Heflin Enterprises, Inc., and Mark Heflin,

*Noe & Macleid Co., LPA,* and *C. Edward Noe*, for Defendant-Appellee Cinfed Employees Federal Credit Union.

Please note: This case has been removed from the accelerated calendar.

Per Curiam.

{¶1}    Plaintiff-appellant Geraldine Matthews appeals the trial court's entry of summary judgment in favor of defendant-appellee Cinfed Employees Federal Credit Union on her breach-of-contract claim, and in favor of defendants-appellees Mark Heflin Enterprises, Inc., and Mark Heflin on her claims for conversion and for violations of Ohio's Consumer Sales Practices Act ("CSPA") and on Heflin's counterclaim.

{¶2}    Matthews was involved in an automobile accident on December 31, 2007. Her damaged car was towed to Airport Towing in Kentucky.

{¶3}    On January 9, 2008, Matthews called defendant-appellee Mark Heflin of Marks Auto Body.  At Matthews' request, Heflin arranged to have her car towed to his repair shop.  Heflin paid Airport Towing's towing and storage fees as well as a towing fee for a second service to have the car delivered to his shop.  Matthews made no arrangements to have the car repaired or moved from Heflin's lot.

{¶4}    The car remained on Heflin's lot.  Six months later, at the end of June 2008, Heflin called Matthews to see what she wanted to do with the car.  Matthews authorized Heflin to complete a "tear-down" of her car so that he could provide her with a written repair estimate.

{¶5}    On July 15, 2008, Matthews' attorney requested a written repair estimate.  On July 23, 2008, Heflin provided a repair estimate of $9,874.72, which included $2,870 for storage fees.

{¶6}    Two months later, at the end of September 2008, Matthews' attorney wrote to Heflin, declining to have the car repaired and requesting that the car be returned to

Matthews. On October 1, 2008, Heflin informed Matthews' attorney that Matthews owed him $4,547 for storage fees, towing bills, and the tear-down.

{¶7} The car remained at Heflin's for several more months. At the end of March 2009, after sending notice to Matthews and to lienholder Cinfed, Heflin applied for title to the car. In April 2009, the clerk of courts issued a certificate of title to Heflin.

{¶8} A year later, in February 2010, Matthews sued Heflin for conversion and for engaging in unconscionable acts in violation of Ohio's CSPA by providing an untimely and inflated repair estimate, by charging her for storing her car, and by improperly obtaining title to her car. Heflin counterclaimed for his towing, storage, and tear-down fees. Matthews later amended her complaint to assert a breach-of-contract action against Cinfed.

{¶9} Heflin and Cinfed filed motions for summary judgment. The trial court entered judgment in favor of Heflin and Cinfed on Matthews' claims, and in favor of Heflin on his counterclaim against Matthews. The court awarded Heflin damages in the amount of $6,653.06. Matthews now appeals.

### Standard of Review

{¶10} We review a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is proper if "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000).

### *Matthews' Claims against Heflin*

{¶11}   In her first assignment of error, Matthews argues that the trial court erred by entering summary judgment in favor of Heflin on her claim that he had violated the CSPA, which prohibits suppliers from committing "an unconscionable act or practice in connection with a consumer transaction."  R.C. 1345.03.

{¶12}   Heflin contends that no consumer transaction occurred, so the CSPA did not apply to his dealings with Matthews.  We agree.  Under the CSPA, a "consumer transaction" is "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things."  In her appellate brief, Matthews admits that Heflin *never contracted with her* to repair her car.  However, she claims that Heflin *solicited* her business "with his tear-down form and estimate."

{¶13}   Heflin did not solicit Matthews to supply her with repair service.  The record demonstrates that Matthews requested that her car be transported to Heflin's, and that she had made no further arrangements for the car to be repaired by him or to be removed from his lot.  Heflin had had to contact her to see what she wanted to do with the car, and she had authorized the tear-down that was necessary for him to provide a written estimate.  Once Heflin provided the estimate, Matthews' attorney stated that she did not want the repairs to be performed.  At no point did Heflin engage in conduct that was a "solicitation to supply" his repair service.  Because no consumer transaction took place, the CSPA did not apply.  Accordingly, the trial court properly entered summary judgment in favor of Heflin on Matthews' claim that he had violated the CSPA.

{¶14} Matthews also argues that the trial court erred by entering summary judgment in favor of Heflin on her conversion claim. Conversion is the "wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." *State ex rel. Toma v. Corrigan*, 92 Ohio St.3d 589, 592, 752 N.E.2d 281 (2001).

{¶15} According to Matthews, Heflin acquired title to her car without complying with the requirements of R.C. 4505.101, which provides:

{¶16} The owner of any repair garage or place of storage in which a motor vehicle with a value of less than two thousand five hundred dollars has been left unclaimed for fifteen days or more following completion of the requested repair or the agreed term of storage may send by certified mail, return receipt requested, to the last known address of the owner a notice to remove the motor vehicle. If the motor vehicle remains unclaimed by the owner for fifteen days after the mailing of the notice, and the person on whose property the vehicle has been abandoned has received the signed receipt from the certified mail or has been notified that the delivery was not possible, the person shall obtain a certificate of title to the motor vehicle in the person's name in the manner provided in this section.

{¶17} Matthews argues that Heflin unlawfully gained title to her car. She contends that, in his affidavit accompanying his application to the Ohio Bureau of Motor Vehicles ("BMV"), he listed the vehicle's value as $4,750, an amount higher than the $2,500 allowed

by R.C. 4505.101. Matthews' reading of Heflin's affidavit is incomplete. The wholesale value of the vehicle was $4,750. But Heflin was required to deduct the estimated cost of repairs to restore the vehicle, as well as his actual expenses for towing and storage. After those deductions, the value of the vehicle was negative $3,197, well under the statutory maximum. *See Comm Star Community Star Credit Union v. Nickson*, 9th Dist. Nos. 07CA009075 and 07CA009112, 2007-Ohio-7036.

{¶18} Matthew also argues that Heflin had failed to demonstrate that her vehicle had been unclaimed for more than 15 days, as required by R.C. 4505.101. But Heflin waited more than five months from the last communication by Matthews' attorney before sending the required notice to Cinfed and to Matthews, and then Heflin waited another month before filing his application for the title.

{¶19} Because no issue of fact remained to be determined with respect to Heflin's compliance with R.C. 4505.101, the trial court properly entered summary judgment in his favor on Matthews' conversion claim. Accordingly, we overrule the first assignment of error.

### Heflin's Counterclaim against Matthews

{¶20} In her second assignment of error, Matthews argues that the trial court erred by entering summary judgment in favor of Heflin on his counterclaim for towing and storage charges. The trial court awarded him the amount of $6,653.06 that he demanded in his counterclaim. But Heflin's acquisition of title to Matthews' car pursuant to R.C. 4505.101 had extinguished his claims for towing and storage charges. The amounts owed by Matthews for towing and storage had been deducted from the car's wholesale value, thereby allowing Heflin to apply for the car's title. The trial court's award of damages to Heflin

essentially allowed him a double recovery. Accordingly, we sustain the second assignment of error, reverse the trial court's judgment in favor of Heflin on his counterclaim, and vacate its award for damages on the counterclaim. We enter judgment in favor of Matthews on Heflin's counterclaim.

### Matthews' Claim against Cinfed

{¶21} In her third assignment of error, Matthews argues that the trial court erred by entering summary judgment in favor of Cinfed on her breach-of-contract claim. Matthews had executed an "Open End Credit Agreement" with Cinfed, under which Cinfed took a security interest in her car to secure its loan to her. In her complaint, Matthews asserted that the agreement required Cinfed to release its lien and supply her with an original title document. Matthews alleged that Cinfed "purported to act in accordance with its obligations; however, the title it supplied to Ms. Matthews is or may be defective in that Defendant Mark Heflin now claims ownership of the vehicle."

{¶22} To prevail on a breach-of-contract claim, a plaintiff must establish the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff. *See Brunsman v. W. Hills Country Club*, 151 Ohio App.3d 719, 2003-Ohio-891, 785 N.E.2d 794, ¶ 11 (1st Dist.). When the terms of a contract are clear and unambiguous, a trial court may not go beyond the plain language of the agreement to determine the intent of the parties. *See Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 246, 374 N.E.2d 146 (1978).

{¶23} Matthews has failed to point to *any* contractual provision that required Cinfed to release its lien or to supply her with a title. Because no issue of fact remained with

respect to Matthews' claim against Cinfed, the trial court properly entered summary judgment in Cinfed's favor. We overrule the third assignment of error.

{¶24} Consequently, we reverse the trial court's judgment in favor of Heflin on his counterclaim, and vacate its award of damages on the counterclaim. And we enter judgment in favor of Matthews on Heflin's counterclaim. In all other respects, the judgment of the trial court is affirmed.

Judgment accordingly.

SUNDERMANN, P.J., HENDON and FISCHER, JJ.

Please note:

The court has recorded its own entry on the date of the release of this opinion.